**Anselme O. CONNOR,
Petitioner-Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

**No. 1288, Docket 85–4031.**

United States Court of Appeals,
Second Circuit.

Submitted June 12, 1985.

Decided Aug. 6, 1985.

Anselme O. Connor, New York City, submitted a brief pro se.

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Carleton D. Powell, Gary D. Gray, Attys., Tax Div., Dept. of Justice, Washington, D.C., submitted a brief for the Commissioner.

Before LUMBARD, OAKES, and WINTER, Circuit Judges.

PER CURIAM:

Anselme O. Connor ("taxpayer") appeals from an order of the United States Tax Court, Cohen, *J.*, dismissing his petition for a redetermination of his liability for personal income taxes for the year ended December 31, 1980. The tax court dismissed his petition because of a failure to prosecute and because of the frivolous nature of his arguments. The government seeks sanctions under Fed.R.App.P. 38, in the form of double costs and attorney's fees, on the grounds that the taxpayer's appeal from the tax court is also frivolous. We affirm the dismissal and impose sanctions pursuant to Rule 38.

On his 1980 form 1040, the taxpayer reported $34,804.93 in gross income, earned as a telephone serviceman for New York Telephone. However, the taxpayer reported no tax due, explaining at the bottom of the form that "I have taken an irrevocable vow of poverty and have received a directive from the head of my order and am therefore exempt from federal income tax." The taxpayer demanded a refund of all the taxes his employer had withheld during the year.

On January 13, 1982, the Commissioner notified the taxpayer of a deficiency of $11,893.66, and of penalties under I.R.C.

§§ 6651(a), 6653(a) of $3,115.28. On April 13, 1982, the taxpayer petitioned the tax court for a redetermination of his liability. In his petition, the taxpayer claimed, *inter alia,* that the Commissioner had not complied with internal procedures, had violated the taxpayer's rights under the First, Fourth, Fifth, Sixth, Ninth, and Fourteenth Amendments, had violated the taxpayer's priest/penitent and attorney/client privileges, had disregarded the bona fide character of the taxpayer's church and order, had disregarded the taxpayer's status as an ordained minister and a member of a religious order, had disregarded the taxpayer's irrevocable vow of poverty, had erred by not contacting the taxpayer's church and verifying the taxpayer's status as an agent of the church, had erred in relying on the Service's Internal/External rule as a basis for disregarding the taxpayer's vow of poverty, had erred in stating that the taxpayer had negligently and intentionally disregarded revenue rules and regulations, and finally, had erred in finding that no income tax return had been filed by the taxpayer and assessing penalties for that failure.

On May 24, 1982, the Commissioner filed his answer, denying the taxpayer's allegations. Over the next twenty-eight months, the Commissioner repeatedly attempted to resolve the case, but the taxpayer was uncooperative. The Commission then informed the taxpayer that it would seek penalties for delay and for filing a frivolous petition in the tax court.

On October 15, 1984, the tax court held a hearing on the taxpayer's petition. At the hearing, the taxpayer dropped all of the arguments in his petition and merely asserted that "I have a Code here. There's no where in there where I can find I am liable by filing a 1040." The tax court affirmed the Commissioner, granted his motion to dismiss the petition for failure to prosecute, and assessed against the taxpayer a further $500 in damages for filing a petition primarily for delay, an award permitted by I.R.C. § 6673.

█ On this appeal, the taxpayer makes a number of arguments as part of his con-

tinuing delaying efforts. He first argues that the Commissioner was incorrect in assessing penalties for failure to file under I.R.C. § 6651(a)(1), because he claims that the return was filed on time. However, he presented no evidence on the issue to the tax court, and the taxpayer carries the burden of proof, Tax Ct.R. 142; *see also Beatty v. Commissioner,* 667 F.2d 501 (5th Cir.1982) (tax protestor return not a return for purposes of the filing requirement).

The taxpayer also argues that the tax court agreed to give him an additional seven days after the October 15, 1984 hearing to file a new 1040 so that he could claim personal exemptions for his dependents and various deductions. We have read the transcript of the hearing, and find no such agreement. We also note that the taxpayer has had literally years to file a correct return but never did prior to the hearing, and that he makes no claim to have filed one since.

█ The taxpayer further argues that the tax court had no jurisdiction to hear his case, because the court has no jurisdiction to hear cases arising under Subtitle C, which he asserts is the subtitle that imposes income taxes. This argument is nonsense. Income taxes are imposed by I.R.C. § 1(d), which is within Subtitle A.

█ Next, the taxpayer argues that I.R.C. § 6673, which permits the tax court to award damages in an amount not to exceed $500 (since raised to $5,000) violates his constitutional right under the First Amendment to petition the government for redress of grievances. It does not. A taxpayer has no constitutional right to bring frivolous lawsuits. *See Bill Johnson's Restaurants, Inc. v. NLRB,* 461 U.S. 731, 743, 103 S.Ct. 2161, 2170, 76 L.Ed.2d 277 (1983). He further argues that the statute is unconstitutionally vague, because it permits the tax court to award such damages whenever "it appears to the Tax Court that" the taxpayer has brought the action for delay. We find this language sufficiently precise to avoid any constitutional infirmity, especially in light of the appealability of any action taken by the tax court pursuant to it.

**20**

The taxpayer next argues that wages are not income but an exchange of property. As money is property and labor is property, so his argument goes, his work for wages is a non-taxable exchange of property. Wrong again. Wages are income. *See, e.g., Schiff v. Commissioner,* 751 F.2d 116, 117 (2d Cir.1984). The argument that they are not has been rejected so frequently that the very raising of it justifies the imposition of sanctions.

Finally, the taxpayer argues that because wages are property, a tax on them is a property tax, and because the tax the Commissioner is attempting to collect is not apportioned, it is unconstitutional. However, as we and innumerable other courts have repeatedly explained, wages are income, and income taxes do not have to be apportioned.

The Commissioner seeks double costs and attorney's fees pursuant to Rule 38. We believe that such sanctions are entirely appropriate. Accordingly, pursuant to Rule 38, the Commissioner is awarded double costs and $2,000 in attorney's fees.

Affirmed.