GODFREY W. WEISS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Weiss
Docket No. 28938-90
United States Tax Court
T.C. Memo 1992-722; 1992 Tax Ct. Memo LEXIS 764; 64 T.C.M. (CCH) 1565; December 22, 1992, Filed Decision will be entered for respondent. Godfrey W. Weiss, pro se. For Respondent: Matthew I. Root. DAWSON
DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge John J. Pajak pursuant to section 7443A(b)(4) of the Code and Rules 180, 181, and 183. All section numbers refer to the Internal Revenue Code in effect for the taxable years in issue. All Rule numbers refer to the Tax Court Rules of Practice and Procedure. The Court agrees with and adopts the Special Trial Judge's opinion, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PAJAK, Special Trial Judge: For clarity and simplicity, we have combined the findings of fact and conclusions of law. Respondent determined deficiencies in and additions to petitioner's Federal income taxes as follows: Year
1985
1986
1987
Deficiency
$ 5,526.00
$ 6,792.40
$ 8,303.00
Additions to Tax:
Sec. 6651(a)(1)
1,381.50
1,698.10
2,075.75
Sec. 6653(a)(1)
276.30
--  --  Sec. 6653(a)(2)[1]  --  --  Sec. 6653(a)(1)(A)
--  339.62
415.15
Sec. 6653(a)(1)(B)
--  [2]   [3]   Sec. 6654
316.00
328.28
448.00
Sec. 6661
1,381.50
1,698.10
2,075.75
*765 Some of the facts have been stipulated and are so found. The stipulation and exhibits are incorporated herein by this reference. Petitioner resided in Riverside, California, when he filed his petition in this case. Petitioner was a mechanic. He performed subcontract work for James E. Lechner, doing business as J & E Forklift Service (Forklift), during the years in issue. Forklift paid petitioner as a self-employed person $ 20,408, $ 24,052, and $ 29,221 during 1985, 1986, and 1987, respectively, for those services. Petitioner admitted that: "As to the [Form] 1099s, I probably got some [Form] 1099s." Petitioner did not file any Federal income tax returns or pay any Federal income tax for the years in issue. Respondent determined that petitioner failed to report the amounts *766 received by petitioner for his subcontract work for Forklift during the taxable years in issue. Respondent also determined for the relevant year or years that petitioner failed to report other income in the form of interest income, dividend income, capital gains distributions, a State tax refund, and unemployment compensation. Finally, respondent determined the deficiencies and additions to taxes set forth above. Respondent's determinations in the statutory notice of deficiency are presumed correct, and petitioner bears the burden to disprove the determinations. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). Petitioner did not dispute the amount of income he received from Forklift during the years in issue. He never claimed that he filed Federal income tax returns for 1985, 1986, and 1987. Petitioner argued that he did not owe any Federal income tax on the compensation received from Forklift. Among other contentions, petitioner claimed these amounts only covered his basic living expenses. He also asserted that he did not make a profit from anyone. The courts have rejected similar arguments. Connor v. Commissioner, 770 F.2d 17 (2d Cir. 1985), *767 affg. per curiam an unreported Order of this Court. Payments of compensation for services performed are income. Sec. 61(a)(1). Respondent also correctly determined that petitioner failed to report as income interest, dividends, capital gains distributions, a State tax refund, and unemployment compensation during the relevant year or years in issue. Petitioner failed to prove otherwise. Rule 142. At trial, petitioner made additional tax protester arguments concerning the jurisdiction of this Court and the constitutionality of the income tax laws that this Court and others have repeatedly decided lack any merit. See, e.g., Connor v. Commissioner, supra; Rowlee v. Commissioner, 80 T.C. 1111, 1120 (1983). We see no need to repeat these discussions here. Suffice it to say that petitioner is not exempt from Federal income tax. Abrams v. Commissioner, 82 T.C. 403, 406-407 (1984). We next consider whether petitioner is liable for the additions to tax. Respondent's determination that petitioner is liable for the addition to tax under section 6651(a)(1) must be sustained unless petitioner's *768 failure to file timely tax returns for 1985, 1986, and 1987, was due to reasonable cause and not due to willful neglect. Petitioner's position was that he was not liable to pay any income taxes. He did not demonstrate that any reasonable cause existed for his failure to timely file the returns for the years in issue. He willfully neglected to file timely tax returns for the years in issue. Therefore, we hold that petitioner is liable for the addition to tax under section 6651(a)(1) for the years under consideration. For the respective years in issue, section 6653(a)(1) and section 6653(a)(1)(A) provide for an addition to tax if any part of the underpayments are due to negligence or intentional disregard of rules or regulations. For the respective years in issue, section 6653(a)(2) and section 6653(a)(1)(B) provide for a further addition to tax in the amount equal to 50 percent of the interest payable on the portion of the underpayments attributable to negligence or intentional disregard of rules or regulations. Petitioner has the burden of proof to show that any underpayment of tax was not due to negligence. Rule 142(a); Bixby v. Commissioner, 58 T.C. 757, 791 (1972); *769 Green v. Commissioner, T.C. Memo. 1992-49. Under section 6653(a), negligence is the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Upon consideration of petitioner's testimony, and in light of the fact that he did not file Federal income tax returns or pay taxes for the years in issue, we conclude that petitioner was negligent. Thus, we hold that petitioner is liable for the additions to tax under section 6653(a) on the full amount of the underpayments for 1985, 1986, and 1987. We next decide whether petitioner is liable for the addition to tax under section 6654(a) for underpayments of estimated taxes for 1985, 1986, and 1987. Petitioner has the burden of proof. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). Section 6654(c) imposes a requirement that estimated taxes be paid in installments. If a taxpayer fails to pay a sufficient amount of estimated taxes, section 6654(a) provides for a mandatory addition to tax in the absence of exceptions not applicable here. *770 Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980). Petitioner failed to pay estimated taxes for the years in issue. Respondent's determination on this issue is sustained. Respondent also determined that for 1985, 1986, and 1987, petitioner was liable under section 6661 for additions to tax of 25 percent for substantial understatements of income tax liability. An understatement is substantial if it exceeds the greater of 10 percent of the tax required to be shown on the return, or $ 5,000. Sec. 6661(b)(1)(A). Petitioner failed to file any return for the years before the Court. As a result, the amount shown on his return is considered to be zero. Sec. 1.6661-2(d)(2), Income Tax Regs. We hold that no part of the understatements are excluded from the determination of whether the understatements were substantial, and thus petitioner is liable for the 25 percent addition to tax pursuant to section 6661 for 1985, 1986, and 1987. Next, on the Court's own motion, we impose a penalty under section 6673. Section 6673(a)(1), as amended by section 7731(a) of the Omnibus Budget Reconciliation Act of 1989, Pub. L. 101-239, 103 Stat. 2106, 2400 (applicable *771 to positions taken after December 31, 1989, in proceedings pending on or commenced after such date), provides that: Whenever it appears to the Tax Court that -- (A) proceedings before it have been instituted or maintained by the taxpayer primarily for delay, (B) the taxpayer's position in such proceeding is frivolous or groundless, or (C) the taxpayer unreasonably failed to pursue available administrative remedies, the Tax Court, in its decision, may require the taxpayer to pay to the United States a penalty not in excess of $ 25,000.
We find that petitioner has instituted and maintained this action primarily for delay and that his position in this proceeding is frivolous and groundless. Accordingly, in our decision we will require petitioner to pay to the United States a penalty of $ 5,000. Decision will be entered for respondent. Footnotes
1. 50% of the interest due on the underpayment due to negligence of $ 5,526.↩
2. 50% of the interest due on the underpayment due to negligence of $ 6,792.40.↩
3. 50% of the interest due on the underpayment due to negligence of $ 8,303.↩