T.C. Memo. 1997-391


UNITED STATES TAX COURT


ROLAND ALLEN PELLETIER, SR., Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 15706-94.          Filed August 25, 1997.


Roland Allen Pelletier, pro se.

Edward J. Laubach, Jr., for respondent.


MEMORANDUM OPINION

WHALEN, Judge:  Respondent determined the following deficiencies in, and additions to, petitioner's income tax for taxable years 1984 through and including 1992:

|         |            | Additions to Tax |           |
|---------|------------|------------------|-----------|
| Year    | Deficiency | Sec. 6651        | Sec. 6654 |
| 1984    | $4,086     | $677             | $149      |
| 1985    | 5,348      | 871              | 173       |
| 1986    | 6,076      | 971              | 162       |
| 1987    | 72,764     | 17,607           | 3,395     |
| 1988    | 5,199      | 698              | 161       |
| 1989    | 5,583      | 748              | 183       |
| 1990    | 5,962      | 796              | 189       |
| 1991    | 6,183      | 824              | 171       |
| 1992    | 6,626      | 1,039            | 170       |

All section references are to the Internal Revenue Code as in effect during the years in issue.

Petitioner did not file a timely income tax return for any of the above taxable years. Respondent computed petitioner's tax for each of those years on the basis of the wages, pension income, interest income, and capital gains reported to the Internal Revenue Service and determined the above deficiencies and additions in the subject notice of deficiency. Petitioner bears the burden of proving that the tax deficiencies and additions to tax determined by respondent are wrong. Rule 142(a). All Rule references are to the Tax Court Rules of Practice and Procedure. The issue for decision is whether petitioner has met that burden.

Petitioner resided in Bushkill, Pennsylvania, at the time he filed the instant petition. The petition states as follows:

> I disagree with all charges, changes and
> adjustments in the Notice of Deficiency.  It
> is my contention that the 16th Amendment to
> the Constitution is illegal in that it violates
> the basic body of the Constitution (as ratified),
> tramples over the bill of rights and, collects
> taxes upon wages rather than Income as specified
> in the amendment.
>
> Cite:  Alexander Hamilton, Federalist # 78:
> "There is no position which depends on clearer
> principles than that every act of a delegated
> authority, contrary to the tenor of the commis-
> sion under which it is exercised, is void.  No
> legislative act, therefore, contrary to the
> Constitution can be valid."

The Court calendared this case for trial at a trial session of the Court scheduled to commence in Pittsburgh, Pennsylvania.  The Court also issued the Standing Pre-Trial Order directing the parties, among other things, to submit a trial memorandum not less than 15 days before the first day of the trial session.

The Court received petitioner's trial memorandum several months before the date scheduled for the trial session.  Petitioner's trial memorandum states that he intended to call no witnesses.  As to the issues in the case, petitioner's trial memorandum states:  "See Attached."  One attachment, entitled "STIPULATIONS OF Fact", sets forth 20 "facts *** to be stipulated or not

stipulated by counsel".  The so-called facts enumerated include such statements as:

> 1. That the 16th Amendment to the Constitution as proposed in 1909 and ratified in 1913 is illegal upon its face, in that it is repugnant to the basic body of the Constitution (Art. 1, Sec. 8) and Art. 1, Sec. 2).  That it purports to be a law setting itself above the law contained in the original Constitution as ratified.

> \* \* \* \* \* \* \*

> 5. That Art. 1, Sec. 8 of the Constitution states for what purpose  a "Direct Tax" may be levied by the Congress and, what the money collected may be used for (ie: to pay the debts of the United States; to provide for the common defense and, to promote the general welfare.

> \* \* \* \* \* \* \*

> 7. That the Tax Court itself nominally violates the provisions of the 7th Amendment to the Constitution in that it holds no trial by jury in cases exceeding $20.00 or more.

> \* \* \* \* \* \* \*

> 9. That the definition of Income as it relates to taxes is a "gain" which includes profits.

> \* \* \* \* \* \* \*

> 12. That the "Withholding Tax" is illegal.

The second attachment lists six "articles and writings" such as an article entitled "Founders foresaw our Servitude in Taxation".  The third attachment to petitioner's trial memorandum is entitled "Brief On Illegal Taxation", wherein

petitioner sets forth his principal contention that the 16th Amendment to the Constitution is "invalid and void." Petitioner also sets forth therein a number of other contentions, such as "wages do not constitute 'Income' under the Constitution and laws", and "The Emancipation Proclamation of 1865 guarantees to every person the sanctity of his own labor."

Shortly after receiving petitioner's trial memorandum, the Court issued an order in which we cited Abrams v. Commissioner, 82 T.C. 403 (1984), and Rowlee v. Commissioner, 80 T.C. 1111 (1983), and we advised petitioner that the tax protester arguments set forth in the attachments to his trial memorandum had been considered and rejected by the Court in the past and would likely be rejected in this case.  We warned petitioner that the Court could impose sanctions, pursuant to section 6673, if the Court found that a taxpayer's position in a proceeding was maintained for delay or was frivolous or groundless.  Finally, we gave petitioner an opportunity to submit a new trial memorandum and to set forth arguments other than the tax protester arguments contained in his first trial memorandum. We advised petitioner that in the event he did not submit a new trial memorandum, the Court would infer that he wished to proceed at trial on the basis of the arguments

he made in the trial memorandum he had already submitted.
Petitioner did not submit a new trial memorandum to the
Court.

Shortly thereafter, respondent filed a motion for
judgment on the pleadings in which respondent states that
the only issue raised by petitioner is:

> whether the Sixteenth Amendment to the Constitu-
> tion is illegal because it violates the basic
> body of the Constitution, tramples over the Bill
> of Rights, and collects taxes upon wages rather
> than income as specified in the amendment.

The memorandum filed by respondent in support of the motion
cites various cases in which the Courts of Appeals have
upheld the 16th Amendment to the Constitution and cases in
which courts have rejected the contention that wages are
not income.  Respondent's memorandum also states as
follows:

> The Third Circuit Court of Appeals, to which
> circuit an appeal would lie in this case, has
> also held that wages are income within the
> meaning of the Sixteenth Amendment and considers
> any arguments to the contrary to be frivolous
> subjecting the party asserting them to possible
> sanctions.  United States v. Connor, 898 F.2d
> 942, 943-44 (3d Cir. 1990).

We calendared respondent's motion for a hearing at the
Pittsburgh, Pennsylvania, trial session.

When this case was called for trial and for a hearing on respondent's motion for judgment on the pleadings, petitioner called no witnesses and offered no documents or other evidence for the record. Petitioner merely reiterated the tax protester arguments that are set forth in the attachments to his trial memorandum. Specifically, petitioner argued that the 16th Amendment to the Constitution is unconstitutional and that wages are not income.

As we advised petitioner in the Order described above, petitioner's arguments have previously been considered and rejected by this and other courts. See, e.g., United States v. Connor, 898 F.2d 942 (3d Cir. 1990); Coleman v. Commissioner, 791 F.2d 68, 70 (7th Cir. 1986); Connor v. Commissioner, 770 F.2d 17, 20 (2d Cir. 1985); Perkins v. Commissioner, 746 F.2d 1187, 1188 (6th Cir. 1984), affg. per curiam T.C. Memo. 1983-474; Funk v. Commissioner, 687 F.2d 264, 265 (8th Cir. 1982), affg. per curiam T.C. Memo. 1981-506; Abrams v. Commissioner, supra; Rowlee v. Commissioner, supra.

In view of the fact that petitioner called no witnesses and introduced no other evidence into the record, we find that petitioner has not met his burden of disproving the determinations made by respondent in

the notice of deficiency.  See Rule 142(a).  Accordingly, we hereby sustain the deficiencies and additions set forth in the notice of deficiency.  We need not consider respondent's motion for judgment on the pleadings, and we will deny respondent's motion as moot.

In view of the fact that petitioner disregarded the Court's warning and persisted in presenting at trial the tax protester arguments advanced in his trial memorandum that have been rejected by the courts in the past, we find that petitioner instituted or maintained this case primarily for delay, and we find that petitioner's position in this case is frivolous.  Accordingly, we will require petitioner to pay to the United States a penalty in the amount of $10,000, pursuant to section 6673(a).

To reflect the foregoing,

<u>An appropriate order</u>
<u>and decision will be entered</u>.