T.C. Memo. 2000-62

UNITED STATES TAX COURT

ROBERT J. BIVOLCIC, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18721-98.                    Filed February 28, 2000.

Robert J. Bivolcic, pro se.

<u>Caroline Ades-Pierri</u>, for respondent.


MEMORANDUM OPINION

PAJAK, <u>Special Trial Judge</u>:  Respondent determined a
deficiency in petitioner's Federal income tax in the amount of
$7,131, an addition to tax under section 6651(a)(1) of $1,198,
and an addition to tax under section 6654 of $239 for the taxable
year 1996.  Unless otherwise indicated, section references are to
the Internal Revenue Code in effect for the year in issue.

At trial, respondent conceded the section 6651(a)(1)
addition to tax.  The Court must decide:  (1) Whether wages

received by petitioner are subject to Federal income tax in excess of amounts paid to Social Security and medicare, and (2) whether a penalty should be awarded to the United States under section 6673. (Because respondent conceded that the return was filed timely, we do not have jurisdiction over the section 6654 addition to tax. Section 6665(b)(2); Fujita v. Commissioner, T.C. Memo. 1999-164).

Some of the facts in this case have been stipulated and are so found. Petitioner resided in Englishtown, New Jersey, at the time he filed his petition.

Petitioner was a construction laborer in 1996. During this year, he worked for Cruz Contracting Corp. (Cruz), Freehold Regional High School District (Freehold), Defino Contracting Corp. (Defino), and Suburban Trails, Inc. (Suburban). Petitioner earned total wages of $39,474 from these employers. Petitioner also received $3,300 in unemployment compensation from New York State, Department of Labor-Manpower. The employers each issued petitioner a W-2, Wage and Tax Statement, for 1996. Cruz and Freehold withheld $2,928.98 in Federal income tax from petitioner's pay. Defino and Suburban did not withhold any Federal income taxes from petitioner's wages. Petitioner paid no estimated taxes. Cruz, Freehold, Defino, and Suburban collectively withheld $2,447.45 in Social Security tax and $572.36 in Medicare tax.

Respondent conceded that petitioner filed his 1996 tax return on time. Petitioner mailed his W-2 forms with his return. The amounts listed in Box 1 of each W-2 form, "Wages, tips, other compensation" were scratched out on each of the four forms. Attached to petitioner's tax return was the following statement:

> Please note that I Robert J. Bivolcic did not, I repeat, I did not recieve [sic] the items or amounts recorded in box 1 [Wages, tips, other compensation], on Forms W-2 Wage and Tax Statements 1996, I did however recieve [sic] the items and amounts recorded in box 3 [Social security wages], on Forms W-2 1996, and did pay the full amount of federal income tax required by law pursuant to 26 U.S.C., Subtitle C, Section 3101, on this wage income.

Petitioner failed to include any of his wages from the four employers on line 7, Wages, salaries, tips, etc., of his Form 1040, U.S. Individual Income Tax Return. He included in income only the $3,300 which he received as unemployment compensation. Petitioner filed as married filing a separate return, used the standard deduction, and took one exemption. The 1996 tax return showed zero taxable income and zero tax. Petitioner then claimed a refund for $2,928.98, the full amount of Federal income tax that was withheld from his wages.

Petitioner, in a typical tax protester argument, contends that the taxation of his income under section 61 and the taxation of his income under section 3101 constitute double taxation, which he claims is unconstitutional. Respondent contends that petitioner's wage income is subject to Federal taxation

regardless of whether petitioner pays Social Security and medicare tax under section 3101.

Petitioner's argument is completely without merit. It is well established that income tax laws are constitutional. Connor v. Commissioner, 770 F.2d 17 (2d Cir. 1985), affg. an unreported Order of this Court; Abrams v. Commissioner, 82 T.C. 403, 406-407 (1984). Section 1(d) imposes a tax on the taxable income of married individuals who do not file jointly. Section 3101 also imposes a tax on the income of every individual under the Federal Insurance Contributions Act. Section 3101 specifically states that this tax is imposed "in addition to other taxes". The imposition of this tax does not mean that other taxes may not be exacted. Under section 61(a)(1), compensation for services is unequivocally included in gross income. Nowhere is it stated that wages taxed under section 3101 should be exempt from being included in gross income under section 61(a)(1). Because petitioner is not exempt from Federal income tax, we sustain respondent's determination as to the deficiency in income tax.

Respondent has moved for a penalty under section 6673. Under the applicable provisions of that section, this Court may award a penalty to the United States of up to $25,000 when the proceeding has been instituted or maintained by the taxpayer primarily for delay or if the taxpayer's position in such proceeding is frivolous or groundless. Sec. 6673. Based on the

record, we conclude that such an award is appropriate in this case.

Petitioner has pursued a frivolous and groundless position throughout this proceeding. He is long familiar with the Court's position on such tax protester arguments, as he has ample experience with this Court dating back to a March 24, 1988, Memorandum Sur Order in Bivolcic v. Commissioner, docket No. 38854-87, which holds against petitioner. In that case, petitioner argued that his wages were not income, and this Court held against petitioner and awarded the United States a penalty in the amount of $5,000 pursuant to section 6673. The Memorandum Sur Order resulted in an Order of Dismissal and Decision dated March 31, 1988. Petitioner filed a Motion to set aside the Order, which was denied. On appeal, the U.S. Court of Appeals for the Third Circuit held in favor of respondent. Regarding tax years different from those in the above mentioned case, the U.S. District Court for the District of New Jersey, in United States v. Bivolcic, Case No. Cr. 91-380(01), in 1992 convicted petitioner for failure to file tax returns under section 7203 and tax evasion under section 7201. Petitioner did not pay the tax liabilities as he was ordered to do by the District Court. After the Internal Revenue Service (IRS) issued a levy against his property, petitioner filed an action seeking to enjoin the IRS from filing notices of Federal Tax Liens and issuing Notices of

Levy.  The action was dismissed by the United States District Court, and on his appeal, the United States Court of Appeals for the Third Circuit affirmed the judgment of the District Court.

While petitioner's current argument is different from the one he used in his previous case before us, this argument is no less frivolous.  At the beginning of this trial, the Court repeatedly and clearly warned petitioner that if he proceeded with his current argument he would be subject to penalties. Petitioner knew or should have known his position was groundless and frivolous, yet he persisted in maintaining this proceeding primarily to impede the proper workings of our judicial system and to delay the payment of his Federal income tax liabilities. Accordingly, a penalty is awarded to the United States under section 6673 in the amount of $6,000.

> Decision will be entered for respondent as to the deficiency, and a penalty will be awarded to the United States under section 6673, and decision will be entered for petitioner as to the section 6651(a) addition to tax.