T.C. Memo. 2006-91


UNITED STATES TAX COURT


LAWRENCE HOROWITZ, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 3422-05, 3854-05.     Filed May 2, 2006.


Lawrence Horowitz, pro se.

Donald A. Glasel, for respondent.


MEMORANDUM OPINION


COHEN, Judge:  Respondent determined deficiencies of $7,515, and $13,352 in petitioner's Federal income taxes for 2001 and 2002, respectively.  Respondent also determined additions to tax of $1,690.20 and $2,766.37 under section 6651(a)(1) and $297.24 and $406.91 under section 6654 for 2001 and 2002, respectively.

Respondent also determined additions to tax under section 6651(a)(2). In each of the answers, respondent conceded the additions to tax under section 6651(a)(2) and, accordingly, alleged increases in the additions to tax under section 6651(a)(1). The issue remaining for decision is whether a penalty should be awarded to the United States under section 6673. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

All of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioner resided in Calverton, New York, at the time that he filed his petitions. The petitions alleged no facts showing errors in respondent's determinations but set forth frivolous tax protester arguments, including that "petitioner could find no statute or regulation making petitioner liable for an income tax". In his petitions, petitioner admitted that he failed to file Federal income tax returns for 2001 and 2002.

After these cases were set for trial, respondent sent to petitioner requests for admissions for each year, setting forth the items of income received by petitioner, petitioner's failure to file income tax returns for either year, and petitioner's

failure to pay estimated taxes for either year. The items of income identified included wages, interest, and dividends reported by third-party payors and comprising the unreported income determined in the notices of deficiency for 2001 and 2002. The requests for admissions, however, mischaracterized certain income from sale of stocks and/or bonds as "ordinary income". At the time of trial, the parties stipulated to all of the items of income received by petitioner, and respondent conceded that the receipts from sale of stocks and/or bonds were capital gains. However, because petitioner failed to present any information concerning his holding period or basis in the stocks or bonds sold, the gross proceeds are includable in petitioner's income as short-term capital gains.

Petitioner's frivolous claims that his income is not subject to tax were repeated in filings in these cases subsequent to the petitions, including motions to continue in order to conduct frivolous discovery, and in his trial memorandum. Petitioner was warned by respondent and by the Court prior to trial that his arguments were frivolous and that a penalty might be imposed. Petitioner persisted in making his frivolous arguments at the time of trial.

## Discussion

Petitioner's arguments that the items of income that he received are not taxable have long been recognized as stale,

groundless, and frivolous.  Section 1 imposes an income tax on petitioner's taxable income.  Section 63 defines taxable income as gross income minus deductions.  Section 61 defines gross income as including wages and the other categories of receipts admitted by petitioner.  Arguments to the contrary have been consistently rejected and characterized as frivolous in innumerable cases.  No further discussion of them is merited. See Connor v. Commissioner, 770 F.2d 17, 20 (2d Cir. 1985); Crain v. Commissioner, 737 F.2d 1417, 1418 (5th Cir. 1984); Cabirac v. Commissioner, 120 T.C. 163, 167 (2003).  Petitioner's arguments concerning respondent's procedures are similarly frivolous and lacking in merit.

Section 6673 provides:

SEC. 6673(a).  Tax Court Proceedings.--

　　(1) Procedures instituted primarily for delay, etc.--Whenever it appears to the Tax Court that--

　　　　(A) proceedings before it have been instituted or maintained by the taxpayer primarily for delay,

　　　　(B) the taxpayer's position in such proceeding is frivolous or groundless, or

　　　　(C) the taxpayer unreasonably failed to pursue available administrative remedies,

the Tax Court, in its decision, may require the taxpayer to pay to the United States a penalty not in excess of $25,000.

Notwithstanding prior warnings, petitioner has been undeterred. A penalty shall be awarded to the United States in each of these

consolidated cases in the amount of $5,000, for a total of $10,000.

To reflect any recomputation required as a result of recharacterizing petitioner's gains from sales of stocks and bonds as short-term capital gains,

<u>Decisions will be entered under Rule 155</u>.