SUMMARY ORDER

Petitioner Andrew Scott, pro se, appeals the Tax Court’s grant of summary judgment dismissing his petition challenging the notice of deficiency by the Internal Revenue Service (“IRS”). We assume the parties’ familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.
As a initial matter, because Scott does not challenge the $20,000 penalty imposed by the Tax Court under 26 U.S.C. § 6673 for his advancement of frivolous claims, we deem that claim waived. See LoSacco v. City of Middletown, 71 F.3d 88, 92-93 (2d Cir.1995) (holding that when a litigant raises an issue before the district court but does not raise it on appeal, it is abandoned, and noting that this rule may be applied to pro se litigants). Regardless, even if Scott had challenged that decision, given the abject frivolity of his arguments (as noted below), we cannot say the Tax Court *469 abused its discretion in imposing a $20,000 sanction.
We review the Tax Court’s conclusions of law de novo, its factual findings for clear error, and its application of its own procedural rules for abuse of discretion. See Sunik v. Comm’r, 321 F.3d 335, 337 (2d Cir.2003); Madison Recycling Assocs. v. Comm’r, 295 F.3d 280, 285 (2d Cir.2002); 26 U.S.C. § 7482(a)(1) (“The United States Courts of Appeals ... shall ... review the decisions of the Tax Court ... in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury.... ”).
Here, the Tax Court properly granted the Government’s motion for summary judgment. The record shows — and indeed, Scott conceded — that although he earned $61,072 in the 2004 tax year, he stated on his tax return that he had zero wages for that year. Thus, the Government’s notice of deficiency accurately concluded that Scott understated his tax liability by $10,031, and because that was a substantial understatement, he was liable for a $2,941 accuracy-related penalty under 26 U.S.C. § 6662. See 26 U.S.C. § 6662(d)(1)(A) (understatement is substantial where the reported tax amount is understated by the greater of ten percent of the tax required to be shown or $5,000). In his defense, Scott argues that he is not an “employee” under the Internal Revenue Code, and that his income does not constitute “wages.” We have repeatedly rejected these specious arguments. See, e.g., Connor v. Comm’r of Internal Revenue, 770 F.2d 17, 20 (2d Cir.1985) (“Wages are income.”); see also id. (noting that the assertion to the contrary “has been rejected so frequently that the very raising of it justifies the imposition of sanctions”). We have carefully reviewed Scott’s remaining arguments and found them to be without merit.
For the foregoing reasons, the order of the Tax Court is hereby AFFIRMED.