T.C. Memo. 2010-86

UNITED STATES TAX COURT

DAAWUD-EL WAAMIQ-ALI, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24108-08.                    Filed April 21, 2010.

Daawud-El Waamiq-Ali, pro se.

<u>James P.A. Caligure</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  For 2004 and 2005 respondent determined deficiencies in petitioner's Federal income taxes and additions to tax as follows:

|  |  | Additions to Tax | | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654(a) |
| 2004 | $3,193 | $718.42 | $606.67 | --- |
| 2005 | 3,188 | 717.30 | 414.44 | $127.87 |

All section references are to the Internal Revenue Code (Code), and all Rule references are to the Tax Court Rules of Practice and Procedure. The issues for decision are whether petitioner is: (1) liable for the deficiencies in his Federal income taxes; (2) liable for the additions to tax under sections 6651(a)(1) and (2) and 6654(a); and (3) liable for a penalty pursuant to section 6673(a).

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the accompanying exhibits are incorporated by this reference. At the time the petition was filed, petitioner resided in New York.

During 2004 petitioner worked for Barton Protective Services, Inc. (Barton), and Allied-Barton Security Services (Allied) and received wages of $20,171 and $11,716 from Barton and Allied, respectively. In 2005 petitioner worked for Allied and received $31,893 in wages. Neither Barton nor Allied withheld any Federal income tax from petitioner's wages because he filed a Form W-4, Employee's Withholding Allowance Certificate, for both years claiming that he was exempt from Federal income tax withholding. Petitioner filed several documents with his employers claiming that his submission of Form W-4 was involuntary, he was exempt from withholding, and he

incurred no Federal income tax liability.  Petitioner failed to file Federal income tax returns for 2004 and 2005.

Pursuant to section 6020(b), respondent filed substitutes for returns (SFR) for petitioner for 2004 and 2005.  For 2004 respondent determined that petitioner's filing status was single and that petitioner's taxable income was $31,627.[1]  For 2005 respondent determined that petitioner's filing status was single and that petitioner's taxable income was $31,893.

Petitioner stipulated that he received wages from Barton and Allied as determined by respondent.  However, petitioner claims that he is not liable for tax on the amounts included in his gross income by respondent because:  (1) Employers are liable for Federal income taxes on employee wages; (2) wages are not taxable income; and (3) respondent does not have the authority to prepare SFRs.

OPINION

I.  Deficiencies in Federal Income Tax

Section 61(a)(1) defines gross income as all income from whatever sources derived, including compensation for services.

As a general rule, the taxpayer bears the burden of proving the Commissioner's deficiency determinations incorrect.  Rule

---

[1]  Respondent listed petitioner's wages on the 2004 SFR as $31,627, which is $260 less than the stipulated amount of $31,887.  This discrepancy has no effect on the outcome of this case.

142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933).  Section 7491(a), however, provides that if the taxpayer introduces credible evidence and meets certain other prerequisites, the Commissioner shall bear the burden of proof with respect to factual issues relating to the taxpayer's liability for a tax imposed under subtitle A or B of the Code.

Petitioner does not dispute receiving the wages or respondent's calculation of tax.  Rather, petitioner disagrees only with respondent's legal conclusions (i.e., that petitioner's wages are taxable; that petitioner, not his employer, is liable for the income tax; and that respondent has the authority to prepare the SFRs).  Since the facts are undisputed and petitioner has failed to introduce credible evidence, section 7491(a) does not apply.  See <u>Davenport v. Commissioner</u>, T.C. Memo. 2009-248.

In his petition, at trial, and on brief, petitioner advanced shopworn arguments characteristic of tax-protester rhetoric that have been universally rejected by this and other courts.  See <u>Ledford v. United States</u>, 297 F.3d 1378, 1381 (Fed. Cir. 2002); <u>United States v. Connor</u>, 898 F.2d 942, 943 (3d Cir. 1990); <u>Connor v. Commissioner</u>, 770 F.2d 17, 19-20 (2d Cir. 1985); <u>Sawukaytis v. Commissioner</u>, T.C. Memo. 2002-156, affd. 102 Fed. Appx. 29 (6th Cir. 2004).  We shall not painstakingly address petitioner's assertions "with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some

colorable merit." See <u>Crain v. Commissioner</u>, 737 F.2d 1417, 1417 (5th Cir. 1984). Accordingly, we sustain respondent's deficiency determinations for 2004 and 2005.

## II. Additions to Tax

Section 7491(c) provides that the Commissioner has the burden of production with respect to the liability of any individual for additions to tax. "The Commissioner's burden of production under section 7491(c) is to produce evidence that it is appropriate to impose the relevant penalty, addition to tax, or additional amount". <u>Swain v. Commissioner</u>, 118 T.C. 358, 363 (2002); see also <u>Higbee v. Commissioner</u>, 116 T.C. 438, 446 (2001). Once the Commissioner satisfies this burden of production, the taxpayer must persuade the Court that the Commissioner's determination is in error by supplying sufficient evidence of an applicable exception. <u>Higbee v. Commissioner</u>, <u>supra</u> at 446.

### A. Section 6651(a)(1)

Section 6651(a)(1) imposes an addition to tax for failure to file a return on the date prescribed (determined with regard to any extension of time for filing), unless such failure is due to reasonable cause and not due to willful neglect.[2]

---

[2] If the Secretary makes a return for the taxpayer under sec. 6020(b), it is disregarded for purposes of determining the amount of the addition to tax under sec. 6651(a)(1), but it is treated as a return filed by the taxpayer for purposes of
(continued...)

Petitioner failed to file Federal income tax returns for 2004 and 2005. Accordingly, we find that respondent has met his burden of production with regard to the additions to tax under section 6651(a)(1). Petitioner has presented no evidence of a reasonable cause defense. Therefore, petitioner is liable for additions to tax under section 6651(a)(1) for 2004 and 2005.

B. Section 6651(a)(2)

Section 6651(a)(2) provides for an addition to tax where payment of the amount reported as tax on a return is not timely "unless it is shown that such failure is due to reasonable cause and not due to willful neglect".

With respect to the section 6651(a)(2) addition to tax, the Commissioner must introduce evidence that the tax was shown on a Federal income tax return to satisfy his burden of production under section 7491(c). Cabirac v. Commissioner, 120 T.C. 163 (2003). When a taxpayer has not filed a return, the section 6651(a)(2) addition to tax may not be imposed unless the Secretary has prepared a substitute for return (SFR) that meets the requirements of section 6020(b). Wheeler v. Commissioner, 127 T.C. 200, 208-209 (2006), affd. 521 F.3d 1289 (10th Cir. 2008).

---

[2](...continued) determining the amount of the addition to tax under sec. 6651(a)(2). Sec. 6651(g).

Section 6020(b) provides:

SEC. 6020(b). Execution of Return by Secretary.--

(1) Authority of Secretary to execute return.--If any person fails to make any return required by any internal revenue law or regulation made thereunder at the time prescribed therefor, or makes, willfully or otherwise, a false or fraudulent return, the Secretary shall make such return from his own knowledge and from such information as he can obtain through testimony or otherwise.

(2) Status of returns.--Any return so made and subscribed by the Secretary shall be prima facie good and sufficient for all legal purposes.

Respondent provided the Court with copies of the SFRs prepared for petitioner for 2004 or 2005. The SFRs satisfy the requirements of section 6020(b). See Nino v. Commissioner, T.C. Memo. 2009-293; Carver v. Commissioner, T.C. Memo. 2009-279; Hawkins v. Commissioner, T.C. Memo. 2008-168. Petitioner did not timely pay his 2004 or 2005 Federal income taxes as shown on the SFRs. Respondent has produced sufficient evidence that petitioner is liable for the section 6651(a)(2) addition to tax. Petitioner provided no evidence of a reasonable cause defense. Therefore, petitioner is liable for additions to tax under section 6651(a)(2) for 2004 and 2005.

C. Section 6654(a)

Section 6654(a) imposes an addition to tax "in the case of any underpayment of estimated tax by an individual". A taxpayer has an obligation to pay estimated tax for a particular year only if he has a "required annual payment" for that year. Sec.

6654(d).  A required annual payment generally is equal to the lesser of:  (i) 90 percent of the tax shown on the return for the taxable year (or, if no return is filed, 90 percent of the tax for the year); or (ii) 100 percent of the tax shown on the return of the individual for the preceding taxable year.  Sec. 6654(d)(1)(B); Wheeler v. Commissioner, supra at 210-211; Heers v. Commissioner, T.C. Memo. 2007-10.  Clause (ii) does not apply, however, if the individual did not file a return for the preceding year.  Sec. 6654(d)(1)(B).  Respondent's burden of production under section 7491(c) requires him to produce evidence that petitioner had a required annual payment for 2005.

Petitioner failed to file Federal income tax returns for 2004 and 2005.  Accordingly, his required annual payment was 90 percent of the tax for 2005.  Petitioner did not make any estimated income tax payments for 2005.  Therefore, respondent has produced sufficient evidence that petitioner is liable for the section 6654(a) addition to tax.  None of the defenses enumerated in section 6654(e) apply.  Therefore, petitioner is liable for an addition to tax under section 6654(a) for 2005.

III.  Section 6673(a)(1) Penalty

At the conclusion of the trial, respondent filed a motion for sanctions pursuant to section 6673.  Section 6673(a)(1) authorizes the Court to impose a penalty not to exceed $25,000 if the taxpayer took frivolous or groundless positions in the

proceeding or instituted the proceeding primarily for delay.  A taxpayer's position is "frivolous" if it is "contrary to established law and unsupported by a reasoned, colorable argument for change in the law."  Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986).

In his petition petitioner claimed that his wages were not taxable because he was not engaged in any "excise taxable activities."  During a face-to-face meeting, respondent warned petitioner that his argument was frivolous.  Through written correspondence, respondent advised petitioner that his argument was frivolous and that he would seek sanctions under section 6673(a) if petitioner presented this argument to the Court.  As a final attempt to discourage petitioner from making a frivolous argument at trial, respondent provided petitioner with a copy of this Court's decision in Sawukaytis v. Commissioner, T.C. Memo. 2002-156.[3]

Undeterred, petitioner in his pretrial memorandum raised various issues, including whether subtitle C of the Code should be considered in determining petitioner's tax liability.  At trial petitioner argued that under subtitle C, employers rather than employees, are liable for Federal income taxes on employee wages.  We warned petitioner that his arguments were frivolous

_____

[3] In Sawukaytis v. Commissioner, T.C. Memo. 2002-156, the Court imposed a $12,500 penalty under sec. 6673(a) against the taxpayer for advancing the frivolous argument that the income tax is an excise tax and therefore his wages were not taxable income.

and have been universally rejected by this and other courts.  We further advised petitioner that the Court has the discretion to impose a penalty of up to $25,000 if he were to proceed with such arguments.

Despite repeated warnings from respondent and this Court, petitioner advanced patently frivolous arguments at trial and in his postrial brief.  In doing so, petitioner has wasted the limited time and resources of the Court.  The Court of Appeals for the Second Circuit, the court to which this case would be appealable, has characterized petitioner's subtitle C argument as "baseless".  See Church v. Commissioner, 810 F.2d 19, 20 (2nd Cir. 1987).  Furthermore, the argument that wages are not taxable "has been rejected so frequently that the very raising of it justifies the imposition of sanctions."  Connor v. Commissioner, 770 F.2d at 20.  Accordingly, we are well within our discretion to impose a penalty under section 6673(a).

We are convinced, however, that petitioner's frivolous arguments were made at the suggestion of a woefully misinformed adviser.  In response to questions from the Court, petitioner was unable to articulate certain positions raised in his pretrial memorandum.  This is the first time petitioner has engaged in conduct sanctionable under section 6673(a).  Therefore, we shall not impose a penalty under section 6673(a).

Though we decline to impose a penalty at this time, we take this opportunity to warn petitioner that we will impose a section

6673 penalty if he returns to the Court and proceeds in a similar manner in the future.  See <u>Pierson v. Commissioner</u>, 115 T.C. 576 (2000).

In reaching our holdings, we have considered all arguments made, and, to the extent not mentioned, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>An appropriate order will be issued and decision will be entered for respondent</u>.