**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2013-31

UNITED STATES TAX COURT

DANIAL ROBERT MARTIN AND CHRISTINA MARTIN, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18211-11S.                    Filed April 17, 2013.

Danial Robert Martin and Christina Martin, pro sese.

Monica Gingras, for respondent.

SUMMARY OPINION

PANUTHOS, Chief Special Trial Judge:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect when the petition

was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable

by any other court, and this opinion shall not be treated as precedent for any other

case.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

In a notice of deficiency dated July 12, 2011, respondent determined a deficiency in petitioners' 2007 Federal income tax of $3,905.  The sole issue for decision is whether petitioners are entitled to a deduction for alimony paid during 2007 greater than the amount respondent allowed.

## Background

Some of the facts have been stipulated, and we incorporate the stipulation of facts and accompanying exhibits by this reference.  Petitioners lived in California when they filed the petition.

Danial Robert Martin (petitioner) and Ruth L. Martin (Ruth) were married from March 12, 1975, through December 7, 2004.  On December 7, 2004, a judgment of dissolution was entered in the Superior Court of California, County of Los Angeles (superior court), terminating the marriage.  The judgment of dissolution provided in relevant part that from January 1, 2004, through  December 31, 2007, petitioner was to pay Ruth spousal support of $1,000 per month.

In 2007 Ruth requested increased alimony payments directly from petitioner. Ruth had medical problems and was unemployed with no health insurance. She requested the increased alimony payments to pay her medical and living expenses. As evidence of Ruth's request for increased payments, petitioners submitted several letters that Ruth wrote to petitioner. One letter is not dated, and the other two are dated September 9 and October 5, 2008, respectively. The letters describe Ruth's health and financial problems, and one of the letters lists her monthly expenses. Petitioner did not submit copies of any letters that he wrote to Ruth, and the letters from Ruth do not propose increased alimony payments in 2007.

On the basis of Ruth's request, petitioner began in 2007 to make monthly payments of $2,300 to her. When petitioner started making the increased monthly payments to Ruth, he did not attempt to have the amount of spousal support required by the superior court's judgment of dissolution amended or modified to take into account her changed circumstances. Petitioner made total payments of $27,600 to Ruth in 2007.

On their 2007 Federal income tax return, petitioners claimed a deduction of $27,600 for alimony paid. Respondent issued a notice of deficiency on July 12, 2011, disallowing $15,600 of that amount. Respondent disallowed the portion of

the claimed deduction that exceeded the amount of spousal support provided for in the superior court's judgment of dissolution. Respondent asserts that the amounts paid over and above the amounts mandated by the judgment of dissolution do not qualify as alimony.

## Discussion

The Commissioner's determination set forth in a notice of deficiency is presumed correct, and a taxpayer generally bears the burden of proving otherwise. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Pursuant to section 7491(a), the burden of proof may shift to the Commissioner if the taxpayer produces credible evidence with respect to any relevant factual issue and meets other requirements. Petitioners do not contend that section 7491(a) shifts the burden of proof to respondent. Furthermore, because the relevant facts are stipulated and only a legal issue remains, we need not decide whether the burden of proof shifts to respondent. See Estate of Morgens v. Commissioner, 133 T.C. 402, 409 (2009), aff'd, 678 F.3d 769 (9th Cir. 2012); see also Waamiq-Ali v. Commissioner, T.C. Memo. 2010-86.

Section 215(a) allows a deduction for alimony payments made during the payor's taxable year. Alimony means any "payment (as defined in section 71(b)) which is includible in the gross income of the recipient under section 71." Sec.

215(b). An alimony payment is defined as any payment in cash that satisfies the

four requirements listed under section 71(b)(1). The first requirement is that the

payment be received by or on behalf of a spouse under a divorce or separation

instrument.[1] Sec. 71(b)(1). All four requirements of section 71(b)(1) must be met

for payments to qualify as alimony or separate maintenance. Jaffe v. Commissioner,

T.C. Memo. 1999-196.

Section 71(b)(2) defines a divorce or separation instrument as a decree of

divorce or a written instrument incident to such a decree, a written separation

agreement, or a decree requiring a spouse to make payments for the support or

maintenance of the other spouse. A divorce or separation agreement must be made

in writing. Herring v. Commissioner, 66 T.C. 308, 311 (1976); Leventhal v.

Commissioner, T.C. Memo. 2000-92; Ellis v. Commissioner, T.C. Memo. 1990-

456. A payment made pursuant to an oral agreement is not a payment made

pursuant to a divorce or separation instrument unless there is some type of written

---

[1]In addition to requiring that payments be received by or on behalf of a spouse under a divorce or separation instrument, sec. 71(b)(1) generally requires that: (1) the divorce or separation instrument not designate a payment as one that is not includable in gross income under sec. 71 and not allowable as a deduction under sec. 215; (2) the payee spouse and the payor spouse not be members of the same household at the time the payments are made; and (3) there be no liability to make payments for any period after the death of the payee spouse. Respondent appears to agree that these requirements have been met.

instrument memorializing the agreement. <u>Herring v. Commissioner</u>, 66 T.C. at 311; <u>Osterbauer v. Commissioner</u>, T.C. Memo. 1982-266.

The writing requirement does not specify the medium which may be used nor the form the writing must take. <u>Leventhal v. Commissioner</u>, T.C. Memo. 2000-92; <u>Osterbauer v. Commissioner</u>, T.C. Memo. 1982-266. Letters which do not show a meeting of the minds between the parties cannot collectively constitute a written separation agreement. <u>Leventhal v. Commissioner</u>, T.C. Memo. 2000-92; <u>see</u> <u>Grant v. Commissioner</u>, 84 T.C. 809, 822-823 (1985), <u>aff'd without published opinion</u>, 800 F.2d 260 (4th Cir. 1986); <u>Estate of Hill v. Commissioner</u>, 59 T.C. 846, 856-857 (1973); <u>Ewell v. Commissioner</u>, T.C. Memo. 1996-253. However, where one spouse assents in writing to a letter proposal of support by the other spouse, a valid written separation agreement has been held to exist. <u>See</u> <u>Azenaro v. Commissioner</u>, T.C. Memo. 1989-224.

Any amounts paid in excess of that required by a written instrument are not considered deductible alimony payments. <u>Van Vlaanderen v. Commissioner</u>, 175 F.2d 389 (3d Cir. 1949), <u>aff'g</u> 10 T.C. 706 (1948); <u>see also</u> <u>Ellis v. Commissioner</u>, T.C. Memo. 1990-456. Here, the judgment of dissolution provided that petitioner was to pay Ruth $1,000 per month from 2004 through 2007. Petitioners argue that the increased payments were not a gift because the payments were made monthly

and that they followed the spirit of the law.  Petitioners' increased payments were, however, made pursuant to an oral arrangement, and there is no written instrument memorializing that arrangement.  The letters from Ruth that petitioner submitted do not show a meeting of the minds between her and petitioner and therefore do not collectively constitute a written separation agreement.  See Leventhal v. Commissioner, T.C. Memo. 2000-92.

Petitioner's testimony was credible, and his willingness to provide additional funds to his former spouse is admirable.  While the result may seem harsh, we are bound by the provisions of the Internal Revenue Code defining the circumstances in which payments are deductible as alimony under sections 71(b) and 215(a).[2]

To reflect the foregoing,

Decision will be entered for

respondent.

---

[2]As discussed, alimony payments are generally taxable to the recipient and deductible by the payor.  Secs. 61(a)(8), 71(a), 215(a).  Allowing petitioner to deduct the increased payments to Ruth under sec. 215(a) would result in an asymmetry, since the increased payments were not made pursuant to a written divorce or separation agreement, and would therefore not be includible in Ruth's gross income under sec. 71(a).