T.C. Memo. 2017-199

UNITED STATES TAX COURT

JOHN V. HAWKBEY, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21099-16.                          Filed October 10, 2017.

John V. Hawkbey, pro se.

Brian S. Jones and Ina Susan Weiner, for respondent.

MEMORANDUM OPINION

LAUBER, Judge:  The Internal Revenue Service (IRS or respondent) deter-
mined a deficiency of $4,914 in petitioner's Federal income tax for 2014.  In an
effort to generate a refund for that year, petitioner claimed a fictitious loss deduc-
tion on Schedule C, Profit or Loss From Business, based on his contention that he
is exempt from Federal income tax under the Emancipation Proclamation of 1862.

[*2] Respondent has moved for summary judgment. Finding no material facts in dispute and concluding that petitioner's contentions are frivolous, we will grant respondent's motion for summary judgment and sustain the deficiency.

Background

The following facts are derived from the parties' pleadings and motion papers, including the attached declarations and exhibits. Petitioner resided in Pennsylvania when he filed his petition.

Petitioner timely filed for 2014 a Form 1040, U.S. Individual Income Tax Return, reporting wages of $468 and taxable pension distributions of $28,484. He reported that he had received Social Security benefits of $21,829 but claimed that the "taxable amount" of these benefits was zero.

Petitioner included with his return a Schedule C for a business purportedly engaged in "marketing, investing, historical research and development." He reported gross receipts of $76 and cost of goods sold of $297,000,745. The principal inputs to his "cost of goods sold" were "cost of labor," "materials and supplies," and "other costs," each in the amount of $98,999,999. He reported zero expenses for his purported business.

Petitioner claimed a Schedule C loss deduction of $297,000,669 and reported adjusted gross income of ($296,971,717) and tax of zero on line 56. He

[*3] reported Federal income tax withheld of $1,655 and total tax liability of $36 (attributable to uncollected Social Security tax on tips reported on line 62). He accordingly requested a refund of $1,619.

Petitioner attached to his Form 1040 a letter to the IRS demanding "emergency restoration of tax exempt status." He based his demand for tax-exempt status on President Lincoln's Emancipation Proclamation of September 22, 1862. He asserted that the IRS had improperly revoked his tax-exempt status in 1984, noting that he had thereafter been convicted on four counts of tax evasion after a jury trial in the U.S. District Court for the Eastern District of Pennsylvania.

On April 15, 2016, the IRS sent petitioner a Letter 525, noting that it was examining his 2014 return and "needed information from * * * [him]." This letter explained that the IRS proposed to disallow his claimed Schedule C loss deduction in its entirety and treat $18,778 of his reported Social Security benefits as taxable. Petitioner replied to this communication by letter dated June 9, 2016, enclosing a package of documents that he "request[ed] to be included in your evaluation of my 2014 tax return." These documents do not substantiate any cost of goods sold for any Schedule C business.

On June 29, 2016, the IRS sent petitioner a timely notice of deficiency for 2014. On the basis of the adjustments set forth above, the notice determined a cor-

[*4] rected tax liability of $4,950, "total tax shown on return" of $36, and a deficiency of $4,914.

Petitioner timely petitioned this Court. He did not allege that the IRS had erred in treating $18,778 of his reported Social Security benefits as taxable, other than to assert that he was tax exempt under the Emancipation Proclamation. He alleged as error the disallowance of his Schedule C loss deduction, asserting that the documents he had sent the IRS on June 9, 2016, were sufficient to substantiate a loss large enough to eliminate any taxable income.

On July 26, 2017, respondent filed a motion for summary judgment accompanied by a declaration under penalties of perjury by respondent's counsel. Respondent's counsel averred that in a meeting with petitioner on June 6, 2017, petitioner admitted that he had not incurred any actual expenses for cost of goods sold in 2014. Rather, petitioner stated that the $297,000,745 he reported as cost of goods sold reflected his estimate of the value of the time he spent during 2014 on "research and marketing" for which he believed he should be compensated.

On August 31, 2017, petitioner filed a 59-page response to the motion for summary judgment and a 31-page declaration in support of that response. Nowhere in these documents does petitioner allege that he engaged in an actual trade or business during 2014, that he incurred any costs of goods sold in connection

**[\*5]** with any business, or that he incurred any expenses deductible under section 162(a).[1]

Neither in his response to the summary judgment motion nor in his declaration does petitioner controvert the averments of respondent's counsel concerning the admissions he made during their June 6 meeting. To the contrary: He avers in his declaration that he "claimed a Schedule C loss in the amount of $297,000,669 due to a delay in payments requested by petitioner in the form of tax exemption from respondent." He asserts that he was entitled to tax exemption because of his efforts "to fulfill the actual freedom of petitioner, Moroccan Americans, and persons of African descent," which included his "historical research development that produce[d] his job creation and restoration plan" pursuant to "paragraphs two and three of the September 22, 1862, Emancipation Proclamation."

## Discussion

### A.  Summary Judgment Standard

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Under Rule 121(b) the Court may grant summary judgment

---

[1]All statutory references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. We round all monetary amounts to the nearest dollar.

**[*6]** when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). In deciding whether to grant summary judgment we construe factual materials and inferences drawn from them in the light most favorable to the nonmoving party. Ibid. However, the nonmoving party "may not rest upon the mere allegations or denials" of his pleadings but instead "must set forth specific facts showing that there is a genuine dispute for trial." Rule 121(d); see Sundstrand Corp., 98 T.C. at 520.

Petitioner has set forth no facts showing that there is a genuine dispute for trial. He admits that he received Social Security benefits of $21,829 during 2014, and he does not dispute that $18,778 of these benefits was taxable unless immunized from taxation under the Emancipation Proclamation. And he has alleged no facts to suggest that he engaged in a Schedule C business or that he incurred any costs in connection with such a business. We conclude that there are no material facts in dispute and that this case is appropriate for summary adjudication.

B.     Analysis

Section 162(a) permits a taxpayer to deduct "ordinary and necessary" expenses paid or incurred in carrying on any "trade or business." Petitioner has admitted that he did not carry on a trade or business for profit during 2014 and that

**[\*7]** he did not incur any costs of goods sold or other expense in connection with any business. Rather, he admits in his declaration that the $297,000,669 loss deduction he claimed on his Schedule C was attributable entirely "to a delay in payments requested by petitioner in the form of tax exemption from respondent."

It is unclear whether petitioner is contending that he is personally entitled to reparations from the Government of $297,000,745 or that this figure represents the value of services that he performed during 2014 in an effort to secure reparations for others. In either event his contentions are frivolous as a matter of law, and they cannot substantiate a Schedule C net operating loss. See Wilkins v. Commissioner, 120 T.C. 109, 112-113 (2003) ("The Internal Revenue Code simply does not provide a tax deduction, credit, or other allowance for slavery reparations."); Hyler v. Commissioner, T.C. Memo. 2005-26.

His contention that the Emancipation Proclamation immunizes his wages, pension distributions, and/or Social Security benefits from taxation is completely without merit. See Pelletier v. Commissioner, T.C. Memo. 1997-391, 74 T.C.M. (CCH) 412, 414 (rejecting claim for tax exemption based on the theory that "[t]he Emancipation Proclamation * * * guarantees to every person the sanctity of his own labor"). We note that petitioner's argument for exemption has been made numerous times by other members of the Moorish Science Temple to which he

**[\*8]** claims to belong.  See, e.g., <u>Habersham-Bey v. Commissioner</u>, 78 T.C. 304 (1982); <u>Ezekunu-Bey v. Commissioner</u>, T.C. Memo. 1984-96; <u>Cherry-El v. Commissioner</u>, T.C. Memo. 1982-404; <u>Bratton-Bey v. Commissioner</u>, T.C. Memo. 1982-19, <u>aff'd without published opinion</u>, 698 F.2d 830 (4th Cir. 1982); <u>Wiggins-El v. Commissioner</u>, T.C. Memo. 1981-495; <u>Gaines-El v. Commissioner</u>, T.C. Memo. 1975-54.  We accordingly sustain respondent's determination that petitioner during 2014 received taxable Social Security benefits of $18,778 and that he is not entitled to any Schedule C loss deduction.

C.     <u>Frivolous Position Penalty</u>

Section 6673(a)(1) authorizes this Court to impose a penalty not in excess of $25,000 "[w]henever it appears to the Tax Court" that a taxpayer has instituted or maintained a proceeding "primarily for delay" or has taken a position that is "frivolous or groundless."  The purpose of section 6673 is to compel taxpayers to conform their conduct to settled tax principles and to deter the waste of judicial resources.  See <u>Coleman v. Commissioner</u>, 791 F.2d 68, 71 (7th Cir. 1986); <u>Bruhwiler v. Commissioner</u>, T.C. Memo. 2016-18, 111 T.C.M. (CCH) 1071, 1074.

The positions that petitioner has taken are unquestionably frivolous.  But because this appears to be his first appearance before this Court, we will show

**[\*9]** leniency and refrain from imposing any penalty now.  We are unlikely to be so generous next time.

To implement the foregoing,

<u>An appropriate order and decision</u>

<u>will be entered for respondent</u>.