T.C. Memo. 2016-18

UNITED STATES TAX COURT

BRUNO BRUHWILER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 26467-14.                    Filed February 8, 2016.

Bruno Bruhwiler, pro se.

Ron S. Chun, Katherine Holmes Ankeny, and Mindy S. Meigs, for
respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

LAUBER, Judge:  Petitioner is a tax protester.  With respect to his Federal
income tax for 2011, the Internal Revenue Service (IRS or respondent) determined
a tax deficiency of $2,834 and additions to tax of $638 and $368 under section

[*2] 6651(a)(1) and (2), respectively.[1] We rule for respondent on all issues. We will also require petitioner to pay under section 6673(a) a penalty of $3,500 to the United States for advancing frivolous positions and maintaining these proceedings primarily for delay.

FINDINGS OF FACT

Petitioner is a self-employed post-production film compositor in Los Angeles, California. During 2011 he performed services as an independent contractor for at least three clients. In May 2011 he provided services to BDL Films on a music video; he was paid $2,450 via two checks for these services. In July 2011 he provided services to Partizan Entertainment; he was paid $2,100 via two checks for these services. Between September and December 2011 he provided services to Avatar Films on a feature film; he was paid $12,960 via five checks for these services. He also received interest income of $50 from Western Federal Credit Union. The IRS received a Form 1099-MISC, Miscellaneous Income, from each of petitioner's clients and a Form 1099-INT, Interest Income, from Western Federal Credit Union, reporting these payments to petitioner during 2011.

---

[1]All statutory references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. We round all dollar amounts to the nearest dollar.

**[*3]**   Petitioner has not filed a Federal income tax return for any year during the last decade.  Using the third-party information described above, the IRS prepared for petitioner a substitute for return (SFR) that met the requirements of section 6020(b).  The SFR reflected $17,510 of non-employee compensation as described above and $50 of interest income; it allowed petitioner the standard deduction, one personal exemption, and a self-employment tax deduction.  The IRS determined a basic tax liability of $683 plus self-employment tax of $2,151, for a total tax of $2,834.

On August 4, 2014, the IRS sent petitioner a timely notice of deficiency based on the SFR, and he timely petitioned this Court.  His petition did not address respondent's determination of his income or calculation of his tax liability.  He instead advanced 27 frivolous contentions, including the assertions that:  (1) he "is not a U.S. citizen but in fact is a California National"; (2) he is not "a resident of the United States" or of "any Federal Territory"; (3) he is not subject to title 26 taxes; (4) the Social Security laws do not apply to him; (5) the IRS officials who examined his return are "agents of a foreign principal"; (6) the IRS erroneously treated him as "a fictional entity" whereas in fact "Bruno Bruhwiler is a man"; and (7) "the due process of Bruno Bruhwiler has been violated and dishonored."

**[\*4]**  On October 15, 2015, respondent filed a motion under Rule 91(f) for an order to show cause why proposed facts and evidence should not be accepted as established.  Respondent represented that petitioner had refused to stipulate to the authenticity of any document or to the truth of any fact, except the fact that he had not filed a return for 2011.  On October 21, 2105, the Court ordered petitioner to show cause why respondent's motion should not be granted.  This order advised petitioner that the Court could impose sanctions if he refused to stipulate to facts or the authenticity of documents as to which there should be no reasonable dispute.  The order also warned petitioner that section 6673 authorizes the Tax Court to impose a penalty in an amount up to $25,000 if the taxpayer's position is frivolous or is being maintained solely for the purpose of delay.

On October 26, 2015, petitioner opposed respondent's motion, asserting that it "was not presented in good faith"; that the IRS position "amounts to no more than frivolous grandstanding"; and that respondent's "proposal for facts is blatant hearsay, unverified numbers, and claims from respondent's internal administration with no relevance, materiality or truthfulness regarding this matter."  On October 28, 2015, we made absolute our order to show cause.  We again warned petitioner that section 6673 authorizes this Court to impose a penalty of up to $25,000 if the taxpayer's position is frivolous or maintained solely for delay.  We noted that his

[*5] petition had advanced numerous frivolous arguments and warned him that, if he "continued to advance such contentions, at trial of this case or otherwise in this Court, he runs a very large risk of incurring a significant penalty."

On November 9, 2015, petitioner filed a motion to vacate our October 28 order and three other frivolous motions, each of which we denied. He then sent the Court three letters with 38 attached "notices" to "file into the record." These documents contained variations on the themes that petitioner does not acknowledge "the customs of the legal society" and that he comes into court "only as a man and as one of the people."

We tried this case in Los Angeles on November 30, 2015. We accepted into evidence the stipulation of facts deemed established by our October 28 order; a declaration from the record custodian for Western Federal Credit Union certifying that it had paid petitioner interest of $50 in 2011; and declarations from the record custodians for BDL Films, Partizan Entertainment, and Avatar Films certifying that petitioner had invoiced them for, and that they had paid him, $2,450, $2,100, and $12,960, respectively, for services he rendered them during 2011. Copies of petitioner's invoices to them, and documentation establishing their payments to him, were attached to these declarations.

**[\*6]**   We warned petitioner at the outset of trial that he risked penalties if he asserted frivolous arguments.  The Court inquired whether he had any evidence to submit regarding his receipt of income during 2011 from BDL Films, Partizan Entertainment, Avatar Films, or Western Federal Credit Union.  He replied: "I don't even know what you mean by 'income.'  I have my own definition of income."  Asked what that definition was, he replied: "It's a cat with a pink bow.  I earned no income.  I'm in my own jurisdiction. * * * I am not part of the legal society; I have my own society."

The Court then advised petitioner that it would impose a penalty of at least $3,000 if he persisted in advancing frivolous arguments.  Undeterred, he proceeded to contend, repeatedly, that the payments he received from his clients were not "income" because they constituted an even exchange for his labor; that the Internal Revenue Code "is not law"; that respondent's counsel was not authorized to speak because she was not "sworn in" or "verified"; and that no one in the courtroom "has jurisdiction over me."

OPINION

A.    Burden of Proof

The Commissioner's determination of a deficiency is generally presumed correct, though the taxpayer can rebut this presumption.  See sec. 7491(a); Rule

[*7] 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933). In unreported income cases, the IRS has the burden of going forward with some evidence linking the taxpayer to the income-producing activity, but the burden of proof remains on the taxpayer to show that the IRS determination was arbitrary or erroneous. <u>See</u> <u>Hardy v. Commissioner</u>, 181 F.3d 1002, 1004 (9th Cir. 1999), <u>aff'g</u> T.C. Memo. 1997-97. With respect to additions to tax under section 6651, respondent bears the burden of production, but petitioner bears the burden of proof. <u>See</u> sec. 7491(c). To meet his burden of production, respondent "must come forward with sufficient evidence indicating that it is appropriate to impose the relevant penalty." <u>See</u> <u>Higbee v. Commissioner</u>, 116 T.C. 438, 446 (2001).

B.     Tax Deficiency

Compensation for services is included in gross income. <u>See</u> sec. 61(a)(1). Respondent has established through information returns and the payors' business records that petitioner during 2011 received interest income of $50 and income of $17,510 from the performance of personal services for BDL Films, Partizan Entertainment, and Avatar Films. While quibbling about the meaning of "income," petitioner did not deny receiving these payments. We accordingly sustain respondent's determination that petitioner had unreported income of $17,560 for 2011.

**[\*8]** Section 1401 imposes, in addition to other taxes, a tax "on the self-employment income of every individual." The income petitioner received from the three clients listed above was "self-employment income." We accordingly sustain respondent's determination that petitioner is liable for self-employment tax in the amount set forth in the notice of deficiency.

## C. Additions to Tax and Penalty

### 1. Section 6651(a)(1)

Section 6651(a)(1) provides for an addition to tax of 5% of the tax required to be shown on a return for each month, or a fraction thereof, for which there is a failure to file the return, not to exceed 25% in the aggregate. The introduction into evidence of an account transcript showing that petitioner has not filed a tax return for the year in issue is sufficient to meet respondent's burden of production for the section 6651(a)(1) addition to tax. See Holmes v. Commissioner, T.C. Memo. 2011-31, 101 T.C.M. (CCH) 1141, 1144. Respondent introduced petitioner's 2011 account transcript showing that he did not file a 2011 return. Petitioner has admitted that he did not file a 2011 return, and he has not shown that this failure was "due to reasonable cause and not due to willful neglect." See sec. 6651(a)(1). We will accordingly sustain the addition to tax for failure to timely file a tax return.

**[*9]** 2.    <u>Section 6651(a)(2)</u>

Section 6651(a)(2) provides for an addition to tax when a taxpayer fails to timely pay the tax shown on a return unless the taxpayer proves that the failure to pay was due to reasonable cause and not due to willful neglect. An SFR prepared by the IRS pursuant to section 6020(b) is treated as the "return" filed by the taxpayer for purposes of section 6651(a)(2). <u>See</u> sec. 6651(g). To meet its burden of production under section 7491(c) with respect to the section 6651(a)(2) addition to tax, the IRS must introduce into evidence a tax return. <u>Wheeler v. Commissioner</u>, 127 T.C. 200, 208-211 (2006), <u>aff'd</u>, 521 F.3d 1289 (10th Cir. 2008). This can be done by introducing a copy of the SFR into evidence or by stipulation of the parties that the SFR is valid and meets the requirements of section 6020. <u>See, e.g.</u>, <u>id.</u>; <u>Gardner v. Commissioner</u>, T.C. Memo. 2013-67, at *23-*24.

Respondent met his burden of production by introducing into evidence a certified copy of the SFR that the IRS prepared on petitioner's behalf. This SFR met the requirements of section 6020 and thus constituted a valid tax return. Petitioner has not paid the tax shown on that return and has not shown that this failure was "due to reasonable cause and not due to willful neglect." Sec. 6651(a)(2). We will accordingly sustain the addition to tax for failure to timely pay.

**[\*10]** 3.    Section 6673

Section 6673(a)(1) authorizes this Court to require the taxpayer to pay to the United States a penalty not in excess of $25,000 if it appears that the taxpayer has instituted or maintained proceedings primarily for delay or the taxpayer's position is frivolous or groundless.  The purpose of section 6673 is to compel taxpayers to conform their conduct to settled tax principles and to deter the waste of judicial resources.  See Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986); Salzer v. Commissioner, T.C. Memo. 2014-188.

The petition that petitioner filed in this Court consists solely of frivolous arguments.  We warned petitioner four times--twice in advance of trial and twice during trial--that he risked incurring a significant penalty if he persisted in advancing frivolous arguments.  He persisted.  He has deluged this Court with gibberish and has wasted the resources of respondent's counsel and this Court.  We will accordingly require that he pay to the United States under section 6673(a) a penalty of $3,500.

To reflect the foregoing,

An appropriate order and decision will be entered.