
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELIZABETH GARDNER; et al., | No. 12-17632 |
| Plaintiffs-Appellants, | D.C. No. 3:12-cv-08051-FJM |
| v. | |
| INTERNAL REVENUE SERVICE; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, District Judge, Presiding

Submitted October 17, 2016[**]
San Francisco, California

Before: HAWKINS, CALLAHAN, and HURWITZ, Circuit Judges.

Elizabeth and Frederic Gardner (the Gardners) challenge the authority of the

Internal Revenue Service (IRS) to require that they pay certain taxes. They seek to

recover funds paid to the IRS by the escrow administrator upon sale of real

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

property to satisfy the IRS's tax lien. The district court dismissed the complaint as barred by claim preclusion (res judicata). We affirm.

Under the doctrine of claim preclusion, a final judgment bars successive litigation "of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). Claim preclusion requires an identity of claims, a final judgment on the merits, and identity or privity between parties. *Cell Therapeutics, Inc. v. Lash Grp. Inc.*, 586 F.3d 1204, 1212 (9th Cir. 2009).

*Gardner v. Peters*, 2006 WL 2092606 (D. Ariz. July 26, 2006), *aff'd* 280 F. App'x 602 (9th Cir. 2008), is a final judgment between the same parties. Although much of the district court's order concerned its jurisdiction to review the Decision Letter issued by the IRS, the court also determined that "Beth-el Aram Ministries cannot state a claim for wrongful levy." *Id*. This decided all claims of wrongful levy because Beth-el Aram Ministries is the alter ego of the Gardners. Accordingly, claim preclusion bars the Gardners from asserting a claim of wrongful levy against the IRS in their 2012 complaint.

We have reviewed the Gardners' 236-paragraph complaint and agree with the district court that it does not clearly seek any relief that is not based on alleged wrongful levies. Accordingly, all claims are barred by res judicata.

2

The district court's dismissal of the Gardners' complaint is **AFFIRMED**.