T.C. Memo. 2017-107

UNITED STATES TAX COURT

ELIZABETH A. GARDNER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11669-16L.                         Filed June 8, 2017.

Elizabeth A. Gardner, pro se.

Derek S. Pratt and Doreen Marie Susi, for respondent.

MEMORANDUM OPINION

LAUBER, Judge:  In this collection due process (CDP) case, petitioner

seeks review pursuant to section 6330(d)(1) of the determination by the Internal

Revenue Service (IRS or respondent) to uphold a notice of intent to levy to facili-

[*2] tate collection of her 2004 Federal income tax liability.[1]  That liability consists of a tax deficiency and additions to tax as redetermined by this Court in Gardner v. Commissioner, T.C. Memo. 2013-67, appeal dismissed in relevant part, No. 13-72731 (9th Cir. Sept. 11, 2013) (dismissing appeal in the case at docket No. 11009-07), and aff'd, 845 F.3d 971 (9th Cir. 2017) (affirming decision in the case at docket No. 12016-06).  Respondent has moved for summary judgment, contending that there are no disputed issues of material fact and that his determination to sustain the proposed collection action was proper as a matter of law.  We agree and accordingly will grant the motion.  Concluding as we do that petitioner has maintained this litigation "primarily for delay," we will also order her to pay under section 6673(a)(1) a penalty to the United States of $10,000.

## Background

The following facts are based on the parties' pleadings and respondent's motion, including the attached affidavit and exhibits.  Petitioner resided in Arizona when she filed her petition.

---

[1]All statutory references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.  We round all monetary amounts to the nearest dollar.

**[\*3]** Petitioner and her husband are well-known tax shelter promoters with a lengthy history of litigation in this and other courts.[2] Their speciality is the "corporation sole" tax shelter, whereby a taxpayer takes a fictitious "vow of poverty" in connection with a purported "church" and declares herself thenceforth immune from Federal income tax. Petitioner promoted this scheme by writing several books, including How to Protect Everything You Own in This Life and After and Corporation Sole vs. 501(c)(3) Corporation. Petitioner also practiced what she preached: She and her husband established "Bethel Aram Ministries" in 1993, took fictitious "vows of poverty," and have not filed a Federal income tax return since. See Gardner, 105 T.C.M. (CCH) at 1434-1435.

Petitioner and her husband derived considerable income from peddling this scheme to gullible individuals. For 2004 in particular they had income of $235,542 on which they paid no tax. See id., 105 T.C.M. (CCH) at 1435. Follow-

---

[2]See, e.g., Gardner v. Commissioner, 145 T.C. 161 (2015) (upholding section 6700 penalties against petitioner for promoting abusive tax shelter scheme); Gardner v. U.S. IRS, 2012 WL 4764154 (D. Ariz. Oct. 5, 2012) (dismissing petitioner's fraud and racketeering suit against the United States and its officers), aff'd, 672 F. App'x 776 (9th Cir. 2017); Bethel Aram Ministries v. IRS, 2009 WL 1020828 (D. Ariz. Apr. 15, 2009) (dismissing quiet title action); United States v. Gardner, 2008 WL 906696 (D. Ariz. Mar. 21, 2008) (permanently enjoining petitioner from making false statements to promote tax shelter scheme), aff'd, 457 F. App'x 611 (9th Cir. 2011); Gardner v. Peters, 2006 WL 2092606 (D. Ariz. July 26, 2006) (dismissing frivolous wrongful levy suit by petitioner), aff'd, 280 F. App'x 602 (9th Cir. 2008).

[*4]ing a bank deposits analysis the IRS determined for 2004 a tax deficiency of $99,261 and various additions to tax. In the case at docket No. 11009-07 we sustained most of that deficiency and the additions to tax under sections 6651(a)(1) and 6654(a). See Gardner, 105 T.C.M. (CCH) at 1436-1440.[3] In August 2013 petitioner filed a notice of appeal in the case at docket No. 11009-07, but the U.S. Court of Appeals for the Ninth Circuit dismissed her appeal for failure to pay the required docketing/filing fees. Gardner v. Commissioner, No. 13-72731 (9th Cir. Sept. 11, 2013) (dismissing appeal in the case at docket No. 11009-07).

When filing a notice of appeal from our decision, petitioner did not post an appeal bond under section 7485(a). The IRS accordingly assessed the liabilities in question, which she declined to pay after notice and demand. In an effort to collect her unpaid liability for 2004, the IRS in August 2015 sent her Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing. She timely requested a CDP hearing, asserting a challenge to her underlying tax liability on the theory that her "vow of poverty" precluded receipt of taxable income.

---

[3]The case at docket No. 11009-07 was consolidated for purposes of trial and opinion with the case at docket No. 12016-06, which involved petitioner and her husband's income tax liabilities for 2002 and 2003. We sustained most of the deficiencies and additions to tax that the IRS determined for those years, and our decision in the case at docket No. 12016-06 was affirmed by the U.S. Court of Appeals for the Ninth Circuit. Gardner, 105 T.C.M. (CCH) at 1436-1440, aff'd, 845 F.3d 971 (9th Cir. 2017).

**[\*5]**   The case was assigned to a settlement officer (SO) who conducted a telephone CDP hearing on January 26, 2016.  During the hearing petitioner insisted that the levy notice was invalid because she was appealing this Court's decision in the case at docket No. 12016-06, which concerned her 2002-2003 tax liabilities.  See supra note 3.  She did not request a collection alternative and did not provide the SO with the financial information necessary for him to consider one.  Nor did she supply copies of executed tax returns for 2005 through 2014.

The SO concluded that petitioner could not challenge her underlying tax liability for 2004 because that liability was conclusively established by a Tax Court decision that had become final.  See sec. 7481(a)(2).  The SO verified that this tax liability had been properly assessed and that all other requirements of law and administrative procedure had been satisfied.  On April 22, 2016, the IRS issued a notice of determination upholding the levy, and petitioner timely petitioned this Court.  On March 14, 2017, respondent filed a motion for summary judgment to which petitioner has responded.

Discussion

A.   Summary Judgment

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials.  Fla. Peach Corp. v. Commissioner, 90

**[\*6]** T.C. 678, 681 (1988).  Under Rule 121(b), the Court may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law.  Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994).  In deciding whether to grant summary judgment, we construe factual materials and inferences drawn from them in the light most favorable to the nonmoving party.  Ibid.  However, the nonmoving party may not rest upon the mere allegations or denials of his pleadings but instead must set forth specific facts showing that there is a genuine dispute for trial.  Rule 121(d); see Sundstrand Corp., 98 T.C. at 520.

In responding to the summary judgment motion petitioner presents a litany of arguments directed mainly to relitigating the validity of her "corporation sole" tax shelter scheme.  She does not allege any dispute of material fact, and we discern none.  We conclude that this case is appropriate for summary adjudication.

B.    Standard of Review

Section 6330(d)(1) does not prescribe the standard of review that this Court should apply in reviewing an IRS administrative determination in a CDP case. Where the validity of a taxpayer's underlying tax liability is properly at issue, we review the IRS' determination de novo.  Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).  Where the taxpayer's underlying liability is not properly at issue,

**[*7]** we review the IRS decision for abuse of discretion only. Id. at 182. Abuse of discretion exists when a determination is arbitrary, capricious, or without sound basis in fact or law. Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006); see also Keller v. Commissioner, 568 F.3d 710, 716 (9th Cir. 2009), aff'g in part T.C. Memo. 2006-166.

A taxpayer may raise a CDP challenge to the existence or amount of her underlying tax liability only if she "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." Sec. 6330(c)(2)(B). Petitioner received a notice of deficiency for 2004 and litigated her liability for that year in this Court. Section 6330(c)(2)(B) precluded her from disputing that liability a second time through the CDP process. We accordingly review the SO's actions for abuse of discretion only.

C.  Analysis

The only question is whether the IRS properly sustained the proposed levy to facilitate collection of petitioner's unpaid 2004 tax liability. We review the record to determine whether the SO: (1) properly verified that the requirements of applicable law or administrative procedure have been met; (2) considered any relevant issues petitioner raised; and (3) considered whether "any proposed collection action balances the need for the efficient collection of taxes with the legiti-

**[\*8]** mate concern of \* \* \* [petitioner] that any collection action be no more intrusive than necessary." <u>See</u> sec. 6330(c)(3).

Our review of the record establishes that the SO satisfied all of these requirements. The only relevant issue petitioner raised was her contention that the IRS could not pursue collection activity for 2004 while she had an appeal pending in the Court of Appeals.

The SO correctly rejected this argument. This Court's decision in the case at docket No. 11009-07, which concerned petitioner's 2004 tax liability, became final on December 10, 2013, when she did not file a timely petition for writ of certiorari from the Court of Appeals' order dismissing her appeal. <u>See</u> sec. 7481(a)(2)(A); 28 U.S.C. sec. 2101(c) (2012). The IRS was then free to proceed to collect her 2004 tax liability as determined by this Court. The fact that petitioner's appeal in the case at docket No. 12016-06 was still pending at the time of the CDP hearing was irrelevant because that case concerned her 2002-2003 tax liabilities.

Even if this Court's decision in the case at docket No. 11009-07 had not become final, section 7485(a) provides that, "[n]otwithstanding any provision of law imposing restrictions on the assessment and collection of deficiencies," a request for appellate review "shall not operate as a stay of assessment or collection

**[*9]** of any portion of the amount of the deficiency determined by the Tax Court" unless the taxpayer has filed a timely notice of appeal and "has filed with the Tax Court a bond in a sum fixed by the Tax Court" not exceeding a specified amount. The pendency of an appeal, in and of itself, does not stay IRS collection action. Because petitioner did not submit an appeal bond when filing her appeal in the case at docket No. 11009-07, the SO would not have abused his discretion in determining that collection action for 2004 should proceed, regardless of whether this Court's decision had become final.

Petitioner did not request a collection alternative, and she did not supply the SO with the financial information necessary to enable him to consider one. Far from being in compliance with her ongoing tax filing obligations, she has not filed a Federal income tax return since 1993. The SO did not abuse his discretion in declining to consider a collection alternative under these circumstances. See Hull v. Commissioner, T.C. Memo. 2015-86, 109 T.C.M. (CCH) 1438, 1441; Huntress v. Commissioner, T.C. Memo. 2009-161; Prater v. Commissioner, T.C. Memo. 2007-241; Roman v. Commissioner, T.C. Memo. 2004-20; Internal Revenue Manual pt. 5.14.1.4.2(18) (Sept. 19, 2014). Finding no abuse of discretion in this or in any other respect, we will grant summary judgment for respondent and affirm the proposed collection action.

**[*10]** D.     Frivolous Position Penalty

Section 6673(a)(1) authorizes this Court to impose a penalty not in excess of $25,000 "[w]henever it appears to the Tax Court" that a taxpayer has instituted or maintained a proceeding "primarily for delay" or has taken a position that is "frivolous or groundless."  The purpose of section 6673 is to compel taxpayers to conform their conduct to settled tax principles and to deter the waste of judicial resources.  See Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986); Bruhwiler v. Commissioner, T.C. Memo. 2016-18, 111 T.C.M. (CCH) 1071, 1074.

It is clear to us that petitioner has maintained this suit "primarily for delay" as part of her 25-year campaign to avoid or defer indefinitely the collection of her Federal income tax liabilities.  Because our decision establishing her 2004 income tax liability became final more than three years ago, she had no plausible basis for challenging that liability through the CDP process.  Her 30-page response to the motion for summary judgment includes only two paragraphs that bear any rational relationship to the issues this case presents.  The vast bulk of that document is directed toward relitigation of the trial court and appellate decisions previously rendered against her.  See supra note 2.  In that connection she advances numerous frivolous arguments, including assertions that the IRS "continues to lie and de-

**[*11]** fame Petitioner" and that the Commissioner and the courts have conspired to deny her First Amendment rights to freedom of speech and religion.

Petitioner has wasted the resources of respondent's counsel and this Court. We will accordingly require that she pay to the United States under section 6673(a) a penalty of $10,000. This opinion will serve as a warning that she risks a much larger penalty if she engages in similar tactics in the future.

To reflect the foregoing,

<u>An appropriate order and decision</u>

<u>will be entered</u>.