T.C. Memo. 2018-198

UNITED STATES TAX COURT

THE COMMUNITY LAW FIRM, INC., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18478-17L.                              Filed December 3, 2018.

<u>Atyria S. Clark</u>, for petitioner.

<u>Cassidy B. Collins</u> and <u>Katherine Holmes Ankeny</u>, for respondent.

MEMORANDUM OPINION

LAUBER, <u>Judge</u>:  In this collection due process (CDP) case, petitioner

seeks review pursuant to section 6330(d)(1)[1] of the determination by the Internal

_____

[1]All statutory references are to the Internal Revenue Code in effect at all
relevant times, and all Rule references are to the Tax Court Rules of Practice and
Procedure. We round all monetary amounts to the nearest dollar.

[*2] Revenue Service (IRS or respondent) to uphold a notice of intent to levy. The IRS issued the levy notice to assist in collecting petitioner's unpaid employment tax liabilities. Respondent has moved for summary judgment under Rule 121, contending that there are no disputed issues of material fact and that his determination to sustain the proposed collection action was proper as a matter of law. We agree and accordingly will grant the motion.

## Background

The following facts are based on the parties' pleadings and motion papers, including the attached declarations and exhibits. See Rule 121(b). Petitioner had its principal place of business in California when it petitioned this Court.

Petitioner filed Forms 941, Employer's Quarterly Federal Tax Return, reporting payroll taxes due for the quarters ending June 30, September 30, and December 31, 2014. But it did not pay the taxes shown as due. As of March 2015, petitioner's aggregate outstanding liability for those three quarters was about $2,000. On March 6, 2017, the IRS served a levy notice on petitioner in an effort to collect the unpaid liabilities, and petitioner timely requested a CDP hearing.

In its hearing request petitioner checked the boxes "Installment Agreement" and "Offer in Compromise." Petitioner explained that it disputed the levy action "because there are collection alternatives available," including an installment

[*3] agreement or an offer-in-compromise (OIC). Petitioner requested that a previous installment agreement, on which it had defaulted, be reinstated. Petitioner did not indicate an intention to challenge its underlying liability for any quarter in question.

After receiving petitioner's case a settlement officer (SO) from the IRS Appeals Office confirmed that the liabilities in question had been properly assessed and that all other requirements of applicable law and administrative procedure had been met. The SO discovered that petitioner was not current in its Federal tax obligations, having failed to file employment tax returns for the five calendar quarters subsequent to the quarters at issue.

The SO scheduled a telephone CDP hearing for July 6, 2017. The SO informed petitioner that, in order for her to consider a collection alternative, petitioner must provide: (1) a completed Form 433-B, Collection Information Statement for Businesses, (2) signed copies of delinquent Forms 941 for all quarters from March 31, 2015, to March 31, 2016, and (3) Form 656, Offer in Compromise. Petitioner submitted none of these documents and did not otherwise communicate with the SO before the hearing.

Petitioner's representative failed to call in for the CDP hearing on July 6, 2017. That same day the SO sent petitioner a second letter requesting the financial

**[\*4]** information she had requested previously. The SO extended to July 20 the deadline for submitting that information.

On July 18, 2018, petitioner sent the SO a fax requesting that the IRS reinstate the installment agreement on which petitioner had defaulted. But it provided no financial information to support that request and no evidence that it had filed the delinquent employment tax returns. The SO concluded that she could not consider reinstating the prior installment agreement because petitioner was not in compliance with its ongoing tax obligations and because it had not provided the necessary financial information. The SO accordingly closed the case and on August 4, 2017, issued petitioner a notice of determination sustaining the proposed levy. Petitioner timely sought review in this Court.

## Discussion

A. Summary Judgment Standard

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Under Rule 121(b), we may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). In deciding whether to grant summary judg-

**[\*5]** ment, we construe factual materials and inferences drawn from them in the light most favorable to the nonmoving party. Ibid. However, the nonmoving party may not rest upon the mere allegations or denials in his pleadings but instead must set forth specific facts showing that there is a genuine dispute for trial. Rule 121(d); see Sundstrand Corp., 98 T.C. at 520. We conclude that there are no material facts in dispute and that this case is appropriate for summary adjudication.

B.     Standard of Review

Section 6330(d)(1) does not prescribe the standard of review that this Court should apply in reviewing an IRS administrative determination in a CDP case. But our case law tells us what standard to adopt. Where the validity of the tax-payer's underlying tax liability is properly at issue, we review the IRS' determination de novo. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). Where (as here) the taxpayer's underlying liability is not before us, we review the IRS decision for abuse of discretion only. See Thompson v. Commissioner, 140 T.C. 173, 178 (2013) ("A taxpayer is precluded from disputing the underlying liability if it was not properly raised in the CDP hearing."); sec. 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs. Abuse of discretion exists when a determination is arbitrary, capricious, or without sound basis in fact or law. See Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006); see

[*6] also Keller v. Commissioner, 568 F.3d 710, 716 (9th Cir. 2009), aff'g in part T.C. Memo. 2006-166 and aff'g in part, vacating in part decisions in related cases.

C.    Analysis

In deciding whether the SO abused her discretion in sustaining the proposed collection action we consider whether she:  (1) properly verified that the requirements of applicable law or administrative procedure have been met, (2) considered any relevant issues petitioner raised, and (3) considered "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of * * * [petitioner] that any collection action be no more intrusive than necessary."  See sec. 6330(c)(3).  Our review of the record establishes that the SO properly discharged all of her responsibilities under section 6330(c).

A taxpayer may raise at a CDP hearing relevant issues relating to the collection action and may make offers of collection alternatives.  See sec. 6330(c)(2)(ii) and (iii).  This right, however, carries with it certain obligations on the taxpayer's part.  As provided in the regulations, "[t]axpayers will be expected to provide all relevant information requested by * * * [the Appeals officer], including financial statements, for * * * [her] consideration of the facts and issues involved in the hearing."  Sec. 301.6330-1(e)(1), Proced. & Admin. Regs.

**[*7]** In its hearing request petitioner indicated its desire for a collection alternative, specifically, reinstatement of a prior installment agreement on which it had defaulted.[2] Section 6159 authorizes the Commissioner to enter into an installment agreement if he determines that it will facilitate full or partial collection of a taxpayer's unpaid liability. See Thompson, 140 T.C. at 179. Subject to exceptions not relevant here, the decision to accept or reject an installment agreement lies within the Commissioner's discretion. See sec. 301.6159-1(a), (c)(1)(i), Proced. & Admin. Regs.; see also Rebuck v. Commissioner, T.C. Memo. 2016-3; Kuretski v. Commissioner, T.C. Memo. 2012-262, aff'd, 755 F.3d 929 (D.C. Cir. 2014). In reviewing the SO's determination we do not independently evaluate what would be an acceptable collection alternative. Thompson, 140 T.C. at 179; Murphy, 125 T.C. at 320; Lipson v. Commissioner, T.C. Memo. 2012-252, 104 T.C.M. (CCH) 262, 264. Rather, our review is limited to determining whether the SO abused her discretion, that is, whether her decision to reject the taxpayer's proposal was

---

[2]In its hearing request petitioner also indicated a desire for an OIC. But it did not submit a completed Form 656 or otherwise pursue an OIC in its communications with the SO. "There is no abuse of discretion when Appeals fails to consider an offer-in-compromise when a Form 656 was not submitted." Gentile v. Commissioner, T.C. Memo. 2013-175, 106 T.C.M. (CCH) 75, 77, aff'd, 592 F. App'x 824 (11th Cir. 2014).

**[\*8]** arbitrary, capricious, or without sound basis in fact or law. Thompson, 140 T.C. at 179; Murphy, 125 T.C. at 320.

Although petitioner indicated a desire for an installment agreement, it did not provide the SO with any financial or other information that would justify granting its request. Petitioner failed to participate in the CDP hearing and failed to participate meaningfully in the overall administrative process. The SO gave petitioner ample time to submit the required documentation and did not abuse her discretion by closing this case when she did. We have consistently held that it is not an abuse of discretion for an Appeals officer to reject collection alternatives and sustain collection action where the taxpayer has failed, after being given sufficient opportunities, to supply the required forms and information. See Huntress v. Commissioner, T.C. Memo. 2009-161, 98 T.C.M. (CCH) 8, 10-11; Prater v. Commissioner, T.C. Memo. 2007-241, 94 T.C.M. (CCH) 209, 210; Roman v. Commissioner, T.C. Memo. 2004-20, 87 T.C.M. (CCH) 835, 838.

In any event IRS records show that petitioner was not current in its tax filing obligations for at least five calendar quarters subsequent to the quarters at issue when the SO made her determination.[3] The SO could properly have rejected

---

[3]Petitioner contends that a dispute of material fact exists as to whether it was current in its filing obligations when the notice of determination was issued.

(continued...)

**[*9]** a collection alternative on this ground alone.  See <u>Cox v. Commissioner</u>, 126 T.C. 237, 257-258 (2006), <u>rev'd on other grounds</u>, 514 F.3d 1119 (10th Cir. 2008); <u>Hull v. Commissioner</u>, T.C. Memo. 2015-86, 109 T.C.M. (CCH) 1438, 1441.  Finding no abuse of discretion in any respect, we will grant summary judgment for respondent and affirm the proposed collection action.

D.    <u>Section 6673(a)(1) Penalty</u>

Section 6673(a)(1) authorizes this Court to impose a penalty not in excess of $25,000 "[w]henever it appears to the Tax Court" that a taxpayer has instituted or maintained a proceeding "primarily for delay" or has taken a position that is "frivolous or groundless."  The purpose of section 6673 is to compel taxpayers to conform their conduct to settled tax principles and to deter the waste of judicial resources.  See <u>Coleman v. Commissioner</u>, 791 F.2d 68, 71 (7th Cir. 1986); <u>Bruh-wiler v. Commissioner</u>, T.C. Memo. 2016-18, 111 T.C.M. (CCH) 1071, 1074.

Petitioner was before this Court in a previous CDP case, <u>Community Law Firm, Inc. v. Commissioner</u>, T.C. Dkt. No. 11498-14SL (Feb. 11, 2015) (bench

---

[3](...continued)
The IRS transcript of petitioner's account shows no return posted for the calendar quarters ending March 31, 2015, through March 31, 2016.  Petitioner asserts that it requested extensions of time to file those returns, but it cites no record evidence to support that assertion.  It has not shown a genuine dispute of a material fact.  <u>See</u> Rule 121(d); <u>Sundstrand Corp.</u>, 98 T.C. at 520.

**[*10]** opinion).  In that case, as in this case, we sustained the SO's determination because petitioner had "failed to provide any financial information in support of a collection alternative and otherwise failed to engage in the administrative review process."  Ibid.[4]

Petitioner is a law firm.  We presume that its principals are conscious of their Federal tax obligations and their responsibility to participate meaningfully in administrative proceedings they have commenced.  Petitioner's track record in this Court suggests that it may be invoking the CDP process "primarily for delay," see sec. 6673(a), wasting the resources both of the Government and this Court.  Petitioner is warned that it may face penalties if it continues to do this.

To implement the foregoing,

An appropriate order and decision

will be entered for respondent.

_____

[4]Respondent represents petitioner has initiated "another CDP hearing for Form 941 liabilities for the quarter ended March 31, 2014," the quarter immediately preceding the three calendar quarters at issue here.