T.C. Memo. 2019-127

UNITED STATES TAX COURT

ALFRED Q. CAMPBELL, III, Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3597-17L.                    Filed September 24, 2019.

Alfred Q. Campbell III, pro se.

<u>Martha Jane Weber</u> and <u>William Walter Kiessling</u>, for respondent.

MEMORANDUM OPINION

LAUBER, <u>Judge</u>:  In this collection due process (CDP) case petitioner seeks

review pursuant to section 6330(d)[1] of the determination by the Internal Revenue

_____

[1]All statutory references are to the Internal Revenue Code in effect at all
relevant times, and all Rule references are to the Tax Court Rules of Practice and
Procedure.  We round all monetary amounts to the nearest dollar.

**[*2]** Service (IRS or respondent) to uphold the issuance of a notice of intent to levy. The IRS initiated the collection action with respect to petitioner's Federal income tax liabilities for 2009 and 2010. Representing that he will abate the 2010 liability, respondent has moved for summary judgment with respect to the collection action for 2009 and asked the Court to impose a penalty under section 6673. Petitioner has filed a cross-motion for summary judgment in which he contends that the notice of deficiency for 2009 was "not issued by an authorized delegate of the Secretary." We will grant respondent's motion with respect to the 2009 collection action but deny it with respect to the penalty, and we will deny petitioner's cross-motion.

## Background

The following facts are based on the parties' pleadings and motion papers, including the attached declarations and exhibits. See Rule 121(b). Petitioner resided in Tennessee when he filed his petition.

Petitioner has failed to file Federal income tax returns for the past two decades, if not longer. He has been a frequent visitor to this Court. See Campbell v. Commissioner, T.C. Memo. 2013-57 (CDP case involving petitioner's unpaid income tax liabilities for 2001-2007); Campbell v. Commissioner, T.C. Dkt. No. 21555-05L (Nov. 8, 2006) (bench opinion), aff'd per order, No. 07-1196 (6th Cir.

[*3] Oct. 26, 2007) (CDP case involving petitioner's unpaid income tax liabilities for 2000).

Among the years for which petitioner failed to file returns were 2009 and 2010, the years at issue. For each year the IRS prepared a substitute for return (SFR) that met the requirements of section 6020(b). On the basis of the SFRs the IRS issued to petitioner for each year a notice of deficiency addressed to him at P.O. Box 34358, Memphis, Tennessee 38184 (Memphis address). The notice of deficiency for 2009 was issued on December 10, 2012, and the notice of deficiency for 2010 was issued on May 23, 2013. Petitioner failed to petition this Court within 90 days of either notice. See sec. 6213(a). The IRS accordingly assessed deficiencies, additions to tax, and interest.

On November 30, 2015, in an effort to collect these unpaid liabilities, the IRS sent petitioner a Notice of Intent to Levy and Notice of Your Right to a Hearing. That notice was mailed to him at P.O. Box 468, Waynesboro, Tennessee 38485 (Waynesboro address). That was a new address of which the IRS had received notice on April 30, 2013. See infra pp. 7-8.

Petitioner timely requested a CDP hearing. In his hearing request he asserted that he had not received either notice of deficiency. He expressed interest in a

**[*4]** collection alternative but only after "the IRS can show that it has properly assessed me and I have been provided the opportunity to dispute these taxes."

The case was assigned to a settlement officer (SO) from the IRS Appeals Office, who scheduled a telephone CDP hearing for November 15, 2016. To verify the assessments the SO requested petitioner's administrative file, which indicated that both notices of deficiency had been mailed to his Memphis address but had been returned to the IRS unclaimed. The SO concluded that petitioner was not entitled to dispute his underlying tax liability for 2009 or 2010 because the notices had been mailed to his Memphis address. See sec. 6330(c)(2)(B); Sego v. Commissioner, 114 T.C. 604, 611 (2000). The SO expressed willingness to consider a collection alternative, provided that petitioner submitted the necessary financial information and became current in his Federal tax obligations by filing returns for 2011-2016.

On November 15, 2016, the SO attempted to call petitioner for the scheduled conference but was unable to reach him. At that time petitioner had not submitted any financial documentation or copies of any tax returns. The SO sent him a "last chance" letter asking that he provide, within 14 days, any information that he wished the SO to consider. Petitioner replied by reiterating the contentions set forth in his hearing request, demanding a face-to-face hearing, challenging the

[*5] validity of the 2009 and 2010 notices of deficiency, and requesting documentation to show how the IRS calculated the levy amount.

The SO concluded that petitioner was not eligible for a face-to-face hearing, that he could not challenge his underlying tax liabilities, and that he had failed to furnish information required to consider a collection alternative. On January 11, 2017, the IRS issued petitioner a notice of determination sustaining the proposed levy, and he timely petitioned this Court. He alleged in his petition that: (1) he did not receive either notice of deficiency and thus did not have a prior opportunity to challenge his 2009 and 2010 tax liabilities, (2) the IRS did not follow proper assessment procedures, and (3) the IRS improperly denied him a face-to-face hearing.

On May 8, 2017, respondent filed a motion to remand the case to the IRS Appeals Office. Respondent noted that petitioner denied receiving the notices of deficiency and that the administrative file did not include copies of those notices. Respondent accordingly requested that the case be remanded to enable the Appeals Office to "make a complete determination about whether the assessments for 2009 and 2010 are valid." We granted that motion on June 8, 2017.

On remand the SO obtained copies of each notice of deficiency and of U.S. Postal Service (USPS) Forms 3877, Firm Mailing Book for Accountable Mail.

[*6] The notices were issued by the IRS Service Center in Ogden, Utah. Each took the form of a Letter 3219 (SC/CG) and was signed on behalf of the Commissioner by Bill Banowsky, the Director of Campus Compliance Operations at the Ogden Service Center.[2] The Forms 3877 showed that each notice of deficiency had been sent to petitioner by certified mail to his Memphis address. The SO confirmed that the 16-digit certified mail numbers appearing on the notices matched those on the Forms 3877 and that the envelope containing each notice had been returned to the IRS by USPS as unclaimed.

The SO sent petitioner a letter scheduling a supplemental CDP hearing for September 6, 2017. The letter requested that petitioner confirm his mailing address from December 2012 through December 2013, the period during which the two notices of deficiency were mailed. The letter also asked petitioner to submit fully completed tax returns for 2009 and 2010 if he wished to challenge his underlying tax liabilities for those years. Petitioner submitted no information to the SO before the hearing.

---

[2]Respondent provided the declaration of Denice D. Vaughan, Director of Small Business/Self-Employed Operations Support within the IRS. She explained the Ogden Service Center's organizational structure and confirmed that "Department Managers, Campus Compliance Services (Small Business/Self-Employed)" reported to "Campus Senior Managers," who reported directly to Mr. Banowsky as "Director, Campus Compliance Operations."

**[\*7]**   The supplemental hearing was held as scheduled.  The SO again asked petitioner to verify his address, but petitioner replied with frivolous arguments.  When the SO reiterated that request, petitioner refused, said "bye bye," and terminated the call.  At no point during or before the hearing did petitioner submit any evidence relevant to his underlying tax liability for 2009 or 2010.

On February 23, 2018, the SO issued petitioner a supplemental notice of determination sustaining the levy.  It concluded that the assessments were valid because the administrative file contained sufficient information to verify that the notices of deficiency had been properly mailed to petitioner's last known address.  It concluded that petitioner could not challenge his underlying tax liabilities and was ineligible for a collection alternative because he had refused to supply any financial information.

On March 12, 2019, respondent filed a motion for summary judgment.  Although petitioner had refused to answer the SO's questions about his address during 2012-2013, respondent noted that petitioner had supplied information on that point during an earlier CDP case involving his unpaid tax liabilities for 2001-2007.  See Campbell v. Commissioner, T.C. Memo. 2013-57.[3]  In that case

---

[3]Petitioner contended in that case that he did not receive the notices of deficiency for 2001-2007, which the USPS had returned to the IRS as unclaimed.  We

(continued...)

[*8] petitioner filed, on April 30, 2013, a notice of change of address. That notice informed the IRS and the Court that petitioner's address, as of that date, had changed from the Memphis address to the Waynesboro address.

Because petitioner acknowledged that the Memphis address was his correct address before April 30, 2013, respondent urges in his motion for summary judgment that the 2009 notice of deficiency, which was mailed to the Memphis address on December 10, 2012, was properly sent to his last known address. On the other hand, because respondent had been notified that petitioner's address had changed to the Waynesboro address as of April 30, 2013, respondent concedes that the notice of deficiency for 2010, which was mailed to the Memphis address on May 24, 2013, was not sent to his last known address and was thus invalid. Respondent represents that petitioner's 2010 tax liability will accordingly be abated.[4]

In his cross-motion petitioner contends that the notice of deficiency for 2010 was not sent to his last known address (as respondent concedes) and was

_____

[3](...continued)
concluded that he had deliberately refused delivery of those notices, that he was thus deemed to have received them, and that he was accordingly precluded from challenging his underlying tax liabilities. Campbell v. Commissioner, T.C. Memo. 2013-57, 105 T.C.M. (CCH) 1394, 1396-1397.

[4]Respondent anticipates that the IRS will issue a new notice of deficiency for 2010 to petitioner at his current address. Because petitioner has never filed a return for 2010, the tax for that year may be assessed at any time. Sec. 6501(c)(3).

**[*9]** thus invalid. Petitioner does not dispute that the 2009 notice was sent to his last known address. But he contends that it was nevertheless invalid because it was not signed by "an authorized delegate of the Secretary as required by 26 U.S.C. §§ 6212(a), 7701(a)(11)(B), and 7701(a)(12)(A)(i)."

Discussion

A.    Summary Judgment Standard

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). The Court may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). In deciding whether to grant summary judg-ment, we construe factual materials and inferences drawn from them in the light most favorable to the nonmoving party. Sundstrand Corp., 98 T.C. at 520. How-ever, the nonmoving party may not rest upon mere allegations or denials of his pleadings but instead must set forth specific facts showing that there is a genuine dispute for trial. Rule 121(d); see Sundstrand Corp., 98 T.C. at 520. We conclude that there are no material facts in dispute and that this case is appropriate for summary adjudication.

**[*10]** B.     Standard of Review

Section 6330(d)(1) does not prescribe the standard of review that this Court should apply in reviewing an IRS administrative determination in a CDP case. But our case law tells us what standard to adopt. Where the validity of the taxpayer's underlying tax liability is properly at issue, we review the IRS' determination de novo. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). Where the taxpayer's underlying liability is not before us, we review the IRS determination for abuse of discretion only. See id. at 182. Abuse of discretion exists when a determination is arbitrary, capricious, or without sound basis in fact or law. Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006).

C.     Underlying Liability

A taxpayer may raise a CDP challenge to the existence or amount of his underlying tax liability if he "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute * * * [it]." Sec. 6330(c)(2)(B). Respondent has represented that petitioner's underlying tax liability for 2010 will be abated. The current focus of live dispute is thus petitioner's liability for 2009.

At the CDP hearing petitioner sought to challenge his underlying tax liability for 2009 by asserting that he did not receive the notice of deficiency for that

[*11] year.  Since he does not dispute that he resided at the address to which that notice was mailed, it seems likely that he refused delivery of the notice, as he did for the notices of deficiency that the IRS sent him for 2000 and for 2001-2007. See Campbell, 105 T.C.M. (CCH) at 1396-1397; Campbell, T.C. Dkt. No. 21555-05L.

We need not, however, decide that question.  Assuming arguendo that petitioner did not receive the 2009 notice, he was entitled to challenge his liability for that year at the CDP hearing.  Sec. 6330(c)(2)(B).  But "[a] taxpayer is precluded from disputing the underlying liability if it was not properly raised in the CDP hearing."  Thompson v. Commissioner, 140 T.C. 173, 178 (2013); see Giamelli v. Commissioner, 129 T.C. 107, 114 (2007).  "'An issue is not properly raised if the taxpayer fails * * * to present * * * any evidence with respect to that issue after being given a reasonable opportunity' to do so."  Moriarty v. Commissioner, T.C. Memo. 2017-204, 114 T.C.M. (CCH) 441, 443 (quoting section 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs.), aff'd per order, 2018 WL 4924349 (6th Cir. Sept. 19, 2018); see Obeirne v. Commissioner, T.C. Memo. 2018-210, at *9.

The IRS determined petitioner's 2009 liability by preparing an SFR on the basis of third-party reporting.  The SO invited petitioner, if he wished to dispute that liability, to submit a properly completed 2009 tax return stating what he

[*12] believed his correct tax liability for 2009 to be. Petitioner refused to do so, and he submitted no evidence of any kind to the SO on this subject. Indeed, he advanced only frivolous arguments during the hearing and peremptorily terminated the call. Because petitioner did not properly challenge his 2009 tax liability at the CDP hearing, he is not entitled to advance that challenge in this Court. We thus review the SO's action for abuse of discretion only. See Thompson, 140 T.C. at 178; Alamo v. Commissioner, T.C. Memo. 2017-215, 114 T.C.M. (CCH) 489, 496, aff'd, 751 F. App'x 583 (5th Cir. 2019).

D.    Abuse of Discretion

In determining whether the SO abused his discretion we consider whether he: (1) properly verified that the requirements of any applicable law or administrative procedure had been met, (2) considered any relevant issues petitioner raised, and (3) determined whether "any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of * * * [petitioner] that any collection action be no more intrusive than necessary." See sec. 6330(c)(3). Our review of the record establishes that the SO properly discharged all of his responsibilities under section 6330(c).

This case was remanded to the Appeals Office to enable the SO to verify that the assessments were valid. On remand the SO secured copies of the notices

**[\*13]** of deficiency and of the corresponding certified mail lists.  The certified mail list for 2009 showed that the notice for that year had been sent by certified mail to petitioner's Memphis address, which the SO determined to be his last known address.  Petitioner does not dispute that as of December 10, 2012, the Memphis address was his last known address.  Indeed, on April 30, 2013, he filed in docket No. 13687-11 a change of address form averring that the Memphis address was his correct address before April 30, 2013.  If a notice of deficiency is mailed to the taxpayer at his last known address, actual receipt of the notice is immaterial; the notice is valid.  See, e.g., United States v. Zolla, 724 F.2d 808, 810 (9th Cir. 1984).  We conclude that the SO did not abuse his discretion in determining that the 2009 assessment was valid because the notice of deficiency for that year was sent to petitioner's last known address.

Petitioner contends for the first time in his cross-motion for summary judgment that the notice of deficiency for 2009 was invalid on the theory that it was not issued by the Secretary or his delegate.  See secs. 6212(a), 7701(a)(11)(B), (12)(A).  Petitioner did not advance this argument at the initial CDP hearing, at the supplemental CDP hearing, or in his petition to this Court.  Assuming arguendo that this argument is properly before us, we reject it.

**[\*14]** The notice was issued by the IRS Service Center in Ogden, Utah. It took

the form of a Letter 3219 (SC/CG), and it was signed on behalf of the Commis-

sioner by Bill Banowsky, the Director of Campus Compliance Operations at the

Ogden Service Center. The notice of deficiency is standard in all respects and

displays no irregularities of any kind.

The case law recognizes a "presumption of official regularity" supporting

the proposition that public officers, absent evidence of the contrary, have properly

discharged their official duties by following prescribed procedures. See R.H.

Stearns Co. v. United States, 291 U.S. 54, 63 (1934); United States v. Chem.

Found., Inc., 272 U.S. 1, 14-15 (1926); United States v. Ahrens, 530 F.2d 781, 785

(8th Cir. 1976); Walker v. Commissioner, T.C. Memo. 2018-22, 115 T.C.M.

(CCH) 1082, 1086 n.6. During the supplemental hearing petitioner did not chal-

lenge the capacity of the Ogden Service Center to issue the notice of deficiency,

and he presented no facts or argument of any kind concerning the issuing officer's

authority.

The SO on remand did what he was instructed to do: He secured copies of

the 2009 notice of deficiency and the certified mail list, he confirmed that the same

16-digit certified mail number appeared on both documents, and he verified that

the notice was properly mailed to petitioner's Memphis address. Absent any

**[\*15]** argument by petitioner or irregularity on the face of the notice, the SO could rely on the presumption of official regularity to conclude that the signature on the notice was that of a duly authorized IRS officer. See Perlmutter v. Commissioner, 44 T.C. 382, 399 (1965) (applying the presumption to the authority of an IRS officer to issue a notice of deficiency), aff'd, 373 F.2d 45 (10th Cir. 1967). The SO did not abuse his discretion in verifying the assessment without consulting IRS delegation orders.

In any event Mr. Banowsky had delegated authority to sign the notice of deficiency for 2009. That notice was issued on December 10, 2012. At that time Delegation Order 4-8 (Rev. 1) set forth the categories of officials to whom the Commissioner had delegated authority to sign and issue notices of deficiency. See Internal Revenue Manual (IRM) pt. 1.2.43.9 (Sept. 4, 2012). Among the officers listed are "Department Managers, Campus Compliance Services (Small Business/Self-Employed)." Delegation orders are generally directed to the lowest level position expected to take a particular action. See IRM pt. 1.11.4.4.1 (Oct. 10, 2008). Thus, "[e]very intervening line supervisory position up to and including the Commissioner has the same authority." Winslow v. Commissioner, 139 T.C. 270, 274 (2012) (quoting IRM pt. 1.11.4.4.1(1)(A)).

**[\*16]** Mr. Banowsky was the top IRS official in charge of compliance services at the IRS Ogden campus. At that facility "Department Managers, Campus Compliance Services (Small Business/Self-Employed)" reported to "Campus Senior Managers." "Campus Senior Managers" reported directly to Mr. Banowsky as "Director, Campus Compliance Operations." See supra note 2. Because Mr. Banowsky was in the direct line of supervisors over "Department Managers," who are specifically listed in Delegation Order 4-8 (Rev. 1), Mr. Banowsky was authorized to sign and issue the notice of deficiency for 2009.

Finally, petitioner contends that he was improperly denied a face-to-face hearing. The regulations provide that a "CDP hearing may, but is not required to, consist of a face to face meeting." Sec. 301.6320-1(d)(2), Q&A-D6, Proced. & Admin. Regs. We have repeatedly held that section 6330 does not require a face-to-face CDP hearing. Katz v. Commissioner, 115 T.C. 329, 337-338 (2000); Williamson v. Commissioner, T.C. Memo. 2009-188. In particular, we have held that an SO's denial of a face-to-face hearing does not constitute an abuse of discretion where a taxpayer advances frivolous arguments or declines (as petitioner repeatedly did) to provide past due returns or necessary financial information. See Zastrow v. Commissioner, T.C. Memo. 2010-215; Moline v. Commissioner, T.C. Memo. 2009-110, aff'd, 363 F. App'x 675 (10th Cir. 2010); Williams v. Commissioner,

[*17] T.C. Memo. 2008-173.  Petitioner did not submit any offer of a collection alternative.  Even if he had, he was not in compliance with his tax filing obligations for tax years 2011-2016.  The SO could properly have rejected any proposed collection alternative on that ground alone.  See Cox v. Commissioner, 126 T.C. 237, 258 (2006), rev'd on other grounds, 514 F.3d 1119 (10th Cir. 2008); Hull v. Commissioner, T.C. Memo. 2015-86, 109 T.C.M. (CCH) 1438, 1441.  Finding no abuse of discretion in any respect, we will sustain the proposed collection action for tax year 2009.

E.      Section 6673(a)(1) Penalty

Section 6673(a)(1) authorizes this Court to impose a penalty not in excess of $25,000 "[w]henever it appears to the Tax Court" that a taxpayer has instituted or maintained a proceeding "primarily for delay" or has taken a position that is "frivolous or groundless."  The purpose of section 6673 is to compel taxpayers to conform their conduct to settled tax principles and to deter the waste of judicial resources.  See Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986); Bruhwiler v. Commissioner, T.C. Memo. 2016-18, 111 T.C.M. (CCH) 1071, 1074.

Petitioner was before this Court in two previous CDP cases.  Campbell, T.C. Memo. 2013-57; Campbell, T.C. Dkt. No. 21555-05L.  In both cases he failed to file returns and denied receiving the notices of deficiency that followed.  He ad-

**[*18]** vanced frivolous arguments in the earlier case, and we imposed a penalty of $2,500 under section 6673(a).

It seems likely that petitioner has been invoking the CDP procedure "primarily for delay" for a long period of time. In this case, however, respondent has made a full concession for one of the two tax years at issue. Since petitioner, despite his worst efforts, has secured some relief by commencing this litigation, we will not impose a penalty on him at this time. But he is warned that we will not hesitate to do so if he commences future litigation in this Court primarily for purposes of delay.

To reflect the foregoing,

An appropriate order and decision will be entered granting in part and denying in part respondent's motion for summary judgment, and granting in part and denying in part petitioner's cross-motion.